GEORGE B. BLAKE *vs.* COUNTY COMMISSIONERS OF NORFOLK.

That the petitioner, after a hearing before the county commissioners upon an application for laying out a highway, urged upon them in private the importance of the way, and strove to hasten their action, is not a ground for quashing their proceedings in laying out the way, when it expressly appears that he acted without improper motives, and that the commissioners were not influenced by him.

That a petitioner for the location of a highway in Norfolk County, furnished, during the proceedings, lunches to the county commissioners and to all others interested, is not a ground for quashing the proceedings of the commissioners, it being the custom of that county that petitioners in such cases shall furnish such lunches.

That a town in making application to the county commissioners for the laying out of a highway gave no recognizance for costs, is not a ground for quashing the commissioners' proceedings upon the application of one over whose lands the way was located.

When county commissioners under the Gen. Sts. c. 43, § 12, locate anew a road within a town, and order that the expense shall be assessed upon the town, but that upon a certain contingency a portion of it shall be repaid by the county, the latter portion of the order, if void, does not affect the validity of the relocation of the road.

PETITION for a writ of *certiorari* to quash the proceedings of the county commissioners, in locating a highway over the petitioner's land.

The petition alleged that a petition of the town of Brookline signed by its selectmen, and two other petitions signed each by inhabitants of the town, were presented to the county commissioners, requesting them to locate anew the highway called Washington Street; that the town did not, but that the other petitioners did give recognizances for the payment of costs; that the petitioner appeared and remonstrated against the relocation of the highway, but that, notwithstanding, the commissioners relocated it over his land; that they ordered the damages to be paid by the town of Brookline, and further ordered "that on condition that the said town of Brookline pays the damages aforesaid, and

such other damages, costs and expenses as may accrue by virtue of the verdict of any jury, or the judgment of any court of competent jurisdiction, from the relocation of said Washington Street under these proceedings, or be incident thereto, and shall construct said street as required by the return and to the acceptance of said commissioners, and provided further, that said Washington Street shall then, at the time of said acceptance, and at the expiration of the said two years, be within the territorial limits of the county of Norfolk, then the sum of ten thousand dollars shall be paid from the treasury of said county to the town of Brookline; and upon a certificate of said facts made by the selectmen of said town, an order shall issue from the county commissioners for the payment of said sum to said town."

The petition further alleged that before relocating the highway the commissioners, at times other than their regular meetings, heard privately the selectmen of the town as to the expediency of locating the highway anew.

All the allegations in the petition were admitted by the respondents to be true, except the allegation as to private hearings; and except that in regard to objections having been made by the petitioner at the hearing before the commissioners.

At the hearing before *Wells*, J., it appeared that William Aspinwall was a selectman of the town of Brookline, and that he acted as selectman and as counsel of the town of Brookline in the proceedings before the county commissioners. Upon the testimony of the county commissioners and of others called by the petitioner, the judge found that after the public hearings by the commissioners, Aspinwall, on several occasions, saw one or more of them at an office in Boston, where they had a desk, and where they transacted business informally on Saturdays, and at those interviews expressed the opinion of the board of selectmen of Brookline that it was important that the relocation should be made, and that their determination should be made, and made known, soon; and that he also made some suggestions as to the extent of the proposed widening and as to the damages to be awarded to abuttors; and to one of the county commissioners Aspinwall said that the relocation would be a great public benefit.

The judge also found that " there was no improper purpose to influence the action of the county commissioners, otherwise than to hasten it, and that their action was not, in fact, changed by reason thereof ; that while engaged upon the business of examining and relocating the road, dinners or lunches were furnished by the town of Brookline to the county commissioners, the counsel and the witnesses of all parties, and to all persons interested who were present ; that this was done in accordance with the custom which prevailed in the county, for petitioners so to provide, while the commissioners were engaged upon the business of the petitioners." It appeared that the objections made to the proceedings at the hearings before the commissioners were made in behalf of other parties and not by, or in behalf of, Blake.

The case was reported for the consideration of the full court.

*B. F. Brooks & W. H. Towne*, for the petitioner.

*W. Aspinwall*, for the respondents.

DEVENS, J. The interviews of Mr. Aspinwall with one or more of the commissioners, which are alleged as one of the grounds for this petition, and which took place subsequently to the hearing in reference to the proposed widening of Washington Street, were of questionable propriety. It is important that contested matters upon which any tribunal is to pass should not in any way be made the subject of conversation, except in the presence of all parties to the controversy. If we were left in doubt as to whether the judgment of the commissioners was in any way affected by them we might feel it our duty to grant the petition. The existence of a cause which might improperly affect their judgment, although it is not known that it did so, is a sufficient ground for such action. If it was found that the members of such a tribunal had been addressed with any improper motive, or with intent to sway or bias their judgment, even if such attempt had not been shown to be effectual, it would also be a sufficient ground for such action. In the present case, however, the facts were distinctly found that Mr. Aspinwall addressed the commissioner or commissioners at their office in Boston, with no improper purpose to influence their action, his object being only to hasten it. It is also found that their action was not changed by reason of any-

thing done by him. We do not think, therefore, that the proceedings should be quashed on account of these conversations, or that important public rights should be lost, because of an irregularity found to have been unintentional, and attended with no evil result. A petition for *certiorari* is addressed to the sound discretion of the court, and is not granted merely to enable a party to avoid the proceedings of an inferior tribunal for unimportant or technical errors, where no wrong has been done. *Stone* v. *Boston*, 2 Met. 220. *Lees* v. *Childs*, 17 Mass. 351. *Pickford* v. *Mayor, &c. of Lynn*, 98 Mass. 491. Nor should this petition be granted because a luncheon or dinner was provided by the town for the convenience of the commissioners, and all parties interested in the original hearing. This court has condemned in decided terms attempts to influence members of the Legislature by dinners, &c., at houses of entertainment, as having a tendency to induce those who accept such attentions, to act unfairly towards interested parties, or towards the public. *Frost* v. *Belmont*, 6 Allen, 152, 159. If the present case exhibited an attempt thus to influence the commissioners, it would be a good ground for this application. But simple and necessary refreshment for those who were engaged in the examination and relocation of the road, to which both those who were in favor of the plan for widening Washington Street, and those who were opposed to it, with their witnesses, were invited, and of which they partook, so far as appears, without any objection, ought not now to be made a ground of disturbing the judgment. Especially when it is found by the report that this was done in accordance with a custom that prevailed in the county, for the petitioners in similar cases so to provide for the commissioners and for parties interested.

A third reason assigned for quashing these proceedings is that no sufficient recognizance was given for costs by the town of Brookline upon its petition, according to Gen. Sts. c. 43, § 2, which provides that "no petition for the laying out, altering or discontinuing a highway, shall be proceeded upon by the commissioners until the petitioners cause a sufficient recognizance to be given to the county, with surety to the satisfaction of the commissioners, for the payment of all costs and expenses which shall

arise by reason of such petition and the proceedings thereon, if the petitioners shall not finally prevail." There were three peti-tions for the same purpose before the county commissioners, and the petitioners named in the other petitions gave the requisite recognizance, but the town of Brookline failed to do so. It is contended by the respondents that by Gen. Sts. *c.* 43, § 12, such recognizance is not required where the petition is for locating anew a highway. Assuming, however, that such a recognizance ought properly to have been given, it is not a matter in which any injury has been or can be done to the petitioner. *New Marl-borough* v. *County Commissioners*, 9 Met. 423. Where steps which should have been taken or proceedings which should have been had, not essential to the jurisdiction, are omitted, the adju-dication should not be avoided, unless at the instance of some party who has an interest in such step or proceeding, and who was or is liable to lose by the omission. We do not think the giving the bond in question was thus essential, and it was in-tended only for the security of the county. In the case of *Com-monwealth* v. *Sawin*, 2 Pick. 547, the proceedings were quashed upon the petition of the land-owner alleging that there had been no adjudication, that the way was of common convenience and necessity ; and it was held that the land-owner was affected by this, and that he was entitled to object if such adjudication had not been made, as it was a necessary step before he could be de-prived of his property. But in the question whether a recog-nizance be taken for costs, the petitioner has only the same interest with every other inhabitant of the town, and is in no other man-ner affected by it.

A fourth ground is taken in support of the petition. By the last clause of Gen. Sts. *c.* 43, § 12, in reference to the relocation of existing highways, it is provided that " the expense shall be assessed upon the petitioners, or upon the town or county, as the commissioners order." The order of the commissioners relocated the street, assessed the damages to be paid by the town of Brook-line, and directed that the street as relocated should be con-structed to their acceptance within two years. It further ordered, on condition the town of Brookline should pay all damages as

assessed, or such as might be found by a verdict of a jury, and should construct the street as required to their acceptance within two years, that if at the time of this acceptance, and at the expiration of said two years the said street should then be within the territorial limits of Norfolk County, there should be paid to the town of Brookline the sum of ten thousand dollars from the treasury of the county.

It is contended on behalf of the petitioner that nothing in the statutes would warrant such an order. It was clearly within the power of the commissioners to put the whole expense upon the town of Brookline; this by their order they have done. If there was a certain contingency in which they were willing to assess a certain portion of such expense upon the county, and they have seen fit to add thereto that, upon the occurrence of such a contingency, a certain sum should be repaid by the county, it cannot affect the validity of their adjudication. There has been a distinct adjudication that the widening was demanded by common convenience and necessity, the provision for repayment of a portion of the expenses is entirely separable from this, and even if such provision were void upon grounds of public policy, as contended by the petitioner, as being intended to influence political action, it would not affect the adjudication itself, which is not made upon the basis of it.                    *Petition dismissed.*