# WIEGAND v. SIDDONS.

---

EMINENT DOMAIN; PETITION; NOTICE; WAIVER; BENEFIT; INSTRUCTION; MISCONDUCT OF JURY; ASSESSMENT OF DAMAGE AND BENEFITS.

1. A petition in condemnation proceedings in the name of the three com-missioners of the District of Columbia, and signed by counsel, is suf-ficient though signed by only two of the commissioners, in view of the statutory provision that in all proceedings where the commis-sioners shall act as a board, two constitute a quorum for the trans-action of business, and of the rule of the court below that pleadings may be signed by the parties or their attorneys.

2. Constructive notice of condemnation proceedings by publication once in the Washington Law Reporter, and for six secular days in four daily papers, is insufficient under sec. 491 of the Code of the District of Columbia [31 Stat. at L. 1266, chap. 854].   (Following *Lynchburg Invest. Corp.* v. *Rudolph,* 40 App. D. C. 129.)

3. Jurisdiction of parties to condemnation proceedings may be obtained notwithstanding insufficient notice to them, where they waive notice by appearing.

4. Defects in the notice of condemnation proceedings are waived where the defendants were in court before the jury was sworn, and did not make objection by special appearance, and they thereafter introduced evi-dence on the question of damage and benefit.

5. The failure to instruct the jury in condemnation proceedings that the petitioner has the burden of proving the extent of the increase in the market value of property, which will result from the improvement, is not reversible error where the petitioner assumed such burden, and the court charged that, in order to find that any parcel of land will be specially benefited, as distinct from a general benefit accruing to other lands, the jury must find either that the fair market value of such parcel of land will be increased, or that such parcel will be made available for some use for which it is not now available, by reason of the withdrawal from private ownership of the land condemned, and where it does not appear that the benefits were inequitably or arbitrarily apportioned, the jury having assessed benefits at the minimum allowed by statute.    (Referring to *Lynchburg Invest. Corp.* v. *Rudolph*, 40 App. D. C. 129.)

6. No inquiry on appeal will be made into an adjudication of benefits in condemnation proceedings, so long as it does not appear that they were inequitably or arbitrarily proportioned among the properties benefited.    (Citing *Henderson* v. *Macfarland*, 33 App. D. C. 312.)

7. Though improper, the act of a condemnation jury in leaving its report assessing benefits at the office of the surveyor of the District, for the purpose of having him ascertain the exact metes and bounds of the properties to be assessed, will not be held such misconduct as will invalidate the proceeding, where it is not affirmatively shown to have been accompanied by improper influences, or to have worked prejudice to the property owner, since a condemnation jury is not a common-law jury, but is a commission analogous to a board of arbitrators, with power to hear evidence, inspect the property, procure descriptions of the property, and exercise its own judgment in reaching a conclusion.    (Citing *Clapp* v. *Macfarland*, 20 App. D. C. 224.)

8. It is proper to exclude evidence as to what occurred while the report of a condemnation jury was in the hands of the surveyor of the District, when offered in substantiation of an objection that leaving the report with the surveyor was misconduct which invalidated the verdict; as the proper practice is to present by affidavit such facts as will warrant setting aside the verdict.    (Citing *Clapp* v. *Macfarland, supra.*)

9. Instructions to a condemnation jury are sufficient which plainly state that, in assessing damages, the market value of the property is the criterion, and that, in assessing benefits, only the enhancement of the market value should be considered.    (Citing *Whitford* v. *United States*, 40 App. D. C. 14.)

No. 2518.  Submitted October 15, 1913.  Decided December 1, 1913.

HEARING on an appeal by the respondents from an order of the Supreme Court of the District of Columbia confirming the verdict of a jury in a proceeding instituted by petitioners for the condemnation of certain land for the establishment of a park.    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by Martin Wiegand, Corbin Thompson, Philadelphia, Baltimore, & Washington Railroad Company, the Merchants' Transfer & Storage Company, and Levi H. David, from an order of the supreme court of the District of Columbia sitting as a district court, confirming the verdict of a jury in a proceeding instituted by the commissioners of the District of Columbia for the condemnation of certain land in the interior of square 534 in the city of Washington, for the purpose of establishing a park.

The proceeding was brought under a provision contained in the District appropriation bill, approved March 2, 1911 (36 Stat. at L. 981, chap. 192), as follows: "For the condemnation of land in the interior of square 534, within the limiting lines shown on approved plans in the office of the engineer commissioner of the District of Columbia, and for the development of the land so acquired as an interior park: Provided, That the said land shall be condemned by a proceeding *in rem* in accordance with the provisions of subchapter 1 of chapter 15 of the Code of Law for the District of Columbia, within six months after the date of the passage of this act: And provided further, That, of the amount found to be due and awarded by the jury in said condemnation proceedings as damages for and in respect of the land to be condemned, plus the cost and expense of said proceeding, not less than one third shall be assessed by the jury as benefits."

*Mr. Myer Cohen, Mr. Levi H. David, Mr. A. A. Hochling, Mr. A. Leftwich Sinclair, Mr. Henry E. Davis, Mr. F. D. Mc-*

*Kenney, Mr. J. S. Flannery,* and *Mr. William Hitz* for the appellants.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The validity of the petition is assailed, for the reason that it is signed by only two of the commissioners. In all proceedings where the commissioners act as a board, two constitute a quorum for the transaction of business. 26 Stat. at L. 1113. Here, the petition is in the names of the three commissioners, certifying that they are the commissioners of the District of Columbia, and, as such, file this petition. It is signed by two of the commissioners, and verified by the chairman of the board. In the absence of a requirement by the statute that the three commissioners shall sign the petition, we are of opinion that, where the petition is brought in their names, it is sufficient if it is signed by a quorum. If this were not so, it is doubtful if the omission in this instance would affect the validity of the petition, since it is signed by counsel for the District on behalf of the petitioners, which is sufficient under rule 26* [11 App. D. C. V.] of the law rules of the supreme court of the District of Columbia.

The objection as to the sufficiency of notice is without merit. It appears that, in attempting to give constructive notice, as required by sec. 491c of the D. C. Code [as amended 34 Stat. at L. 151, chap. 2070], the court ordered that publication should be made once in the Washington Law Reporter and for six secular days in the Star, Herald, Times, and Post, daily papers published in the District of Columbia, which was accordingly done. This was not the notice required by the statute. *Lynchburg Invest. Corp.* v. *Rudolph,* 40 App. D. C. 129.

---

*Par. 2 of rule 26 provides that "every pleading shall be signed by the party or his attorney."—Reporter.

In that case, we held a compliance with the statute essential to give the court jurisdiction of the parties. But, notwithstand- ing defective notice, the court may acquire jurisdiction of the parties by their appearing, as was done here, and thereby waiving notice. The bill of exceptions prepared at the instance of appellants certifies as follows: "Be it remembered that the above-entitled cause came on for hearing in the supreme court of the District of Columbia, sitting as a district court, on the 24th day of November, 1911, before Associate Justice Barnard, when were present Ralph Galt, A. H. Chapin, J. H. Cranford, John F. Wilkins, and Owen Owen, who had theretofore been summoned by order of court as proposed jurors in said cause, under the provisions of an act of Congress, approved March 2, 1911; and when were also present James F. Smith, Esq., assistant corporation counsel, representing the petitioners; and the persons owning property in the above-designated square, either in person or by attorney. And thereupon, and before the names of the persons summoned to act as jurors in this proceeding were called, the persons owning property in the above-designated square, by their attorneys, moved the court to dismiss the petition, and to quash the proceedings herein." Thus, it appears that, at the inception of the proceedings, and before the jury was sworn, the appellants were in court. The bill of exceptions further certifies: "And, thereupon, the several owners of property within the square aforesaid introduced evidence tending to show the values of the properties so sought to be condemned and taken in said proceeding, as well also introduced evidence tending to show that the condemning and taking of properties in said square would result in actual damage to the several property owners, and that the establishment of such proposed interior park would not result in any benefit to the remaining properties in said square, nor in any benefit to any properties in said District. * * * And Levi H. David, Martin Wiegand, Merchants' Transfer & Storage Company, corporation, Corbin Thompson, and the Philadelphia, Baltimore, & Washington Railroad Company, corporation, respondents, property owners, in said square, and being persons and corporations

affected by him and interested in these proceedings, on behalf of themselves, and each of them, by their counsel, now pray the court to sign and seal this their one bill of exceptions," etc.

Objection to the sufficiency of the notice was not made by special appearance, but there was a full subjection to the jurisdiction of the court. The appearance of appellants, for the purpose for which the notice, though defective, was given, precludes them from saying that they had no notice of the proposed condemnation proceedings. *English* v. *Arizona*, 214 U. S. 359, 364, 53 L. ed. 1030, 1033, 29 Sup. Ct. Rep. 658. In Lewis on Eminent Domain, sec. 580, the rule is concisely stated, as follows: "The object of notice being to give persons interested an opportunity to be present and protect their rights, it follows that a failure to give notice, or any irregularity in giving it, is waived, if the persons entitled to notice appear and take part in the proceedings in the matter or matters concerning which they are required to be notified. This position is supported by many authorities."

The refusal of the court to grant the following instruction requested by appellants is assigned as error: "The jury are instructed that the burden of proof rests upon the District to show, to the satisfaction of the jury, the extent of the increase in the market value of the property which will directly result from the establishment of said park." In *Lynchburg Invest. Corp.* v. *Rudolph,* 40 App. D. C. 129, this court held that "the failure of the court to instruct the jury that the burden was upon the District to establish by a preponderance of the evidence the extent of the special benefits accruing to the property as a basis for the assessment of benefits was error." The case was reversed upon other grounds, and we refused to hold that, in the absence of other error, the refusal to give this instruction would, of itself, constitute reversible error.

The record discloses that "the petitioners introduced evidence tending to show the values of the several parcels of land proposed to be condemned and taken in said proceeding, as well also introduced evidence tending to show benefits to the extent of one third of the value of the land to be condemned alleged to

accrue to the remaining properties in said square, as well to properties in the vicinity of said square by reason of the establishment of an interior park in said square." In other words, the District assumed the affirmative in showing that the properties would be benefited, and the court instructed the jury "that, in order to find that any parcel of land is specially benefited as distinct from a general benefit accruing to other lands, they must find either that the fair market value of such parcel of land will be increased, or that such parcel will be made available for some use for which it is not now available, by reason of the withdrawal from private ownership of the land embraced in this proceeding and its appropriation for public use as an interior park." Thus, before the jury could assess benefits against any certain piece of property, it must be satisfied that the market value of the property had been enhanced by the establishment of the park. It was only essential for the jury to find, as was done in this case, that the property was enhanced in value to the full amount of the benefits assessed, since Congress has the power, in exercising the right of taxation, to direct the whole, or such part as they may designate, of the expense of a public improvement to be assessed against the property found to be benefited thereby. *Bauman* v. *Ross,* 167 U. S. 548, 42 L. ed. 270, 17 Sup. Ct. Rep. 966. So long as it does not appear that benefits were inequitably or arbitrarily proportioned among the several properties benefited, the court will not inquire into the adjudication. *Henderson* v. *Macfarland,* 33 App. D. C. 312.

The jury assessed benefits only to the minimum amount allowed by the act of Congress, and the property owners were relieved of a much greater burden which it was within the power of the jury to impose. In the absence, therefore, of any showing that the assessment was inequitable or arbitrary, we must hold that the refusal of the court to grant the instruction in question was not so prejudicial to appellants as to justify a reversal of the judgment.

Error is assigned upon the alleged misconduct of the jury. It appears that, after the jury had arrived at its conclusions and made a report, the report was left at the office of the sur-

veyor of the District, for the purpose of having that officer ascertain the exact metes and bounds of the various properties described therein, which were to be assessed for benefits. This fact, and this alone, was presented to the court by the affidavit of one of counsel for the owners of property in square 534, who talked with the surveyor while the report was still in his possession.

It is urged that the court erred in not permitting appellants to take testimony as to what actually occurred while the report was in the possession of the surveyor of the District. The proper practice, in order to show misconduct of a jury, is to present such facts to the court by affidavits as will justify the setting aside of the verdict. *Clapp* v. *Macfarland,* 20 App. D. C. 224. The single affidavit in this case merely stated the fact of the report being left with the surveyor. Unless this act was of itself such an impropriety as would require the court to set aside the verdict, the contention of appellants must fail. This was not a common-law jury. It was a commission composed of five persons, somewhat analogous to a board of arbitrators, with power to hear evidence, inspect the premises, and exercise their own judgment in arriving at a conclusion. Among other duties devolving upon them was the procuring of a correct description of the property against which assessments should be made for benefits. This information could have been acquired through the costly method of sworn witnesses and the production of records, or by direct reference to the records, or by procuring a description from some competent officer. The latter method was adopted. However much we may feel constrained to condemn the action of the jury in permitting the report to get out of its possession, there is no showing that the jury was improperly influenced in the preparation of the report, or that it was changed by the surveyor or anyone else while it was in his possession. No error of description is here complained of, but the court is asked to presume from the action of the jury that the rights of appellants have been prejudiced. In the absence of an affirmative showing that the commissioners were improperly influenced in making their award, the court below was jus-

tified in refusing to set aside the verdict. Ibid.; *New York, W. S. & B. R. Co.* v. *Church,* 31 Hun, 440; *Blake* v. *Norfolk County,* 114 Mass. 583.

A number of instructions relating to the measure of damage and the estimated value to be considered in the assessment of benefits by the jury were requested by appellants, and were refused by the court. The instructions given, we think, fairly stated the law. The jury was instructed that, in assessing damages, the lands to be condemned should be appraised at their fair market value, with reference to the most valuable use or uses to which they could lawfully be put; and the jury was instructed that, in arriving at a fair market value, it could be ascertained from what the property would sell for on the market for cash by a seller who was not compelled to sell to a purchaser who was not compelled to buy. In assessing benefits, the court instructed the jury that they should not indulge in vague speculations or conjectures, but should assess against the property only such benefits as, in their opinion, constituted an enhancement of the value of the property over and above the ordinary benefit which the community at large or the general public might derive from the establishment of the park. In other words, it was made clear to the jury that, in assessing damages, the market value of the property should be considered, and, in assessing benefits, only the enhancement of the market value should be considered. The fair market value in both instances was the proper standard for the guidance of the jury, and this was clearly pointed out in the instructions given the court. *Whitford* v. *United States,* 40 App. D. C. 14.

We have examined the other assignments of error, but find no reversible error. The judgment is affirmed, with costs.

*Affirmed.*

Petition for rehearing overruled January 5, 1914.