### LOUIS HUTT

*v.*

### THE CITY OF CHICAGO *et al.*

*Opinion filed October 19, 1900.*

CONDEMNATION—*a certain description is sufficient.* If the description of property in condemnation petition, when all read together, is without ambiguity or uncertainty as to the land described, it is sufficient, whether the designation of one corner of the land as the "north-easterly corner" is scientifically correct or not.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

EDWIN L. HARPHAM, and CHARLES C. GILBERT, for appellant.

CHARLES M. WALKER, Corporation Counsel, and DENIS E. SULLIVAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit arose from an attempt of the city of Chicago to take possession of part of a lot in that city which it claimed had been condemned for an extension of Canal street, from Lumber street south across the Chicago river to Twenty-second street. Louis Hutt, the appellant, filed his bill to enjoin the city and its officers from taking such possession, and the city answered claiming the property as part of said street by virtue of the condemnation proceedings. The city then filed its cross-bill, setting out said proceedings and alleging that the compensation for the property was ascertained and was received by Hutt, and that the same piece of ground described in his original bill was the property condemned under a somewhat different description, and prayed that the judgment in the condemnation suit should be· amended and corrected

so that the description of the tract should read the same as in said original bill. Hutt demurred to the cross-bill but the demurrer was overruled, and he answered denying that he was served with process in the condemnation suit or that he received the judgment, and alleged that the money received by him was in payment of a different judgment. There was a hearing on the bill and cross-bill and the answers thereto. The court dissolved an injunction which had been granted and dismissed the original bill, and granted to the city the relief prayed for in its cross-bill.

The record showed that Hutt was served with process in the condemnation suit. He afterward petitioned the court, alleging that he was the owner of the piece of ground condemned, and asked for a rule requiring the city to pay him the compensation awarded or have the proceeding dismissed. On that motion the court ordered the city to pay the clerk of the court the amount of the judgment for his use. The judgment was paid and he received the money.

Canal street runs practically north and south, and the city passed an ordinance extending said street southward, and annexed to the ordinance a map or plan which showed that the street as extended included a triangular piece of lot 2 in block 34 in a canal trustees' subdivision, then owned by Hutt. A petition was filed to ascertain the compensation to be paid for property taken by said extension, in which said triangular piece was described as follows: "All that part of lot 2, in block 34, lying east of a straight line drawn from a point on the westerly line of Todd street 104.73 feet south-easterly of the north-easterly corner of lot 1, in said block 34, to a point in the westerly line of Grove street 46.7 feet south-westerly of the north-easterly corner of lot 2, in said block 34." It was for this property that the compensation was ascertained and paid to Hutt. He described the premises in his bill as follows: "All that part of lot two (2), in block

thirty-four (34), aforesaid, lying east of a straight line drawn from the westerly line of said Todd street, in said city of Chicago, one hundred and four and seventy-three hundredths (104.73) feet south-easterly of the most northerly point or corner of lot one (1), in said block thirty-four (34), aforesaid, to a point in the westerly line of Grove street forty-six and seven-tenths (46.7) feet southwesterly of the most easterly point or corner of said lot two (2), in said block thirty-four (34), aforesaid." His claim is that the corner which he called the most northerly point or corner of lot 1 is not the north-easterly corner, and that therefore his property was not described in the condemnation proceeding and the city acquired no right to the possession of it.

Lots 1 and 2 in block 34 lie between Grove street on the south-east, Todd street on the north-east and the Chicago river on the north-west. Grove street runs north-easterly, and Todd street runs from an intersection of Grove street in a north-westerly direction to the Chicago river. Taking into account the whole description in the petition for condemnation, it is clear that the corner which Hutt describes as the most northerly point or corner of lot 1 is the one intended by the description of "the north-easterly corner," in the petition. There is no other corner of the lot which will answer to the description of the north-easterly corner. The corner in question is at the intersection of Todd street and the Chicago river. The line mentioned in the description is drawn from a point on the westerly line of Todd street south-easterly of a corner of lot 1. Todd street runs south-easterly from the river and from the corner in question to Grove street. To adopt any other corner of lot 1 than the corner at the intersection of Todd street and the river as the one intended would be absurd, because the starting point would not then be on Todd street at all, but would be east of Grove street on other lands. Again, the premises are described as a part of lot 2, and if an-

other corner should be taken as the north-easterly corner of lot 1 no part of lot 2 would be east of the line. The point in the westerly line of Grove street where the line terminates is correctly located, and in order to include any land in lot 2 east of the line it must necessarily run to the corner at the intersection of Todd street and the river. The condemnation was for the extension of Canal street, and the description as contended for by Hutt would neither be an extension of Canal street nor describe any property whatever. The description as contended for by Hutt is without sense or meaning and does not include any property. Hutt produced two civil engineers who testified that the corner in question was the most northerly corner but was not correctly termed the north-easterly corner. The testimony in his behalf was, that the line of Todd street next to lot 1 runs forty-six degrees forty minutes west of north, and is therefore one degree forty minutes westerly and southerly of a true north-west line. Therefore, the corner in question was not the north-easterly corner. If this corner is not the north-easterly corner there is none, and it is not denied that if this corner was taken to be the north-easterly corner the description was intelligible and a proper description of the premises, and that the description as given or as interpreted by any of the witnesses would not fit any other land than the tract in question. Whether the designation of the corner in question as the north-easterly corner was scientifically correct or not, there is no doubt whatever that it was the corner intended. The description must be all read together, and when so read there is no ambiguity or uncertainty about the land described, and the description was of the same premises which complainant sought to enjoin the city from taking and which had been condemned and paid for.

It is argued that the court had no power to reform the judgment under the prayer of the cross-bill, but as we hold that the original description was correct and

describes the same land as the amended description, it becomes immaterial whether the court had power to reform it. There is, in fact, no change, and the description was the same before as after.

The decree is affirmed.

*Decree affirmed.*