## Richmond

### William K. Williamson, Et Al. v. Hopewell Redevelopment and Housing Authority.

June 11, 1962.

Record No. 5423.

Present, All the Justices.

*Lewis S. Pendleton, Jr.* (*Pendleton, Connelly & Hall*, on brief), for the appellants.

*Torsten E. Peterson* (*James E. Cuddihy*, on brief), for the appellee.

Snead, J., delivered the opinion of the court.

William K. and Geneva M. Williamson, husband and wife,

appealed from the entry of a final order in a condemnation proceeding brought by Hopewell Redevelopment and Housing Authority, a political subdivision of this Commonwealth, to condemn Lots 11, 12 and 13, Block 5, Hopewell Park Subdivision, in the City of Hopewell, owned by the Williamsons. The order overruled the Williamsons' motion to vacate the order appointing the commissioners and to dismiss the proceeding and also overruled their exceptions to the commissioners' report. It approved, ratified and confirmed the report in all respects and confirmed unto the Authority the fee simple title to the property.

The Authority, pursuant to the provisions of § 25-1, et seq., Code 1950, filed its petition to condemn the unimproved lots on November 14, 1960. Copies of the petition with subpoenas in chancery attached, together with the notice of the Authority stating that it would apply to the Circuit Court of the City of Hopewell at 10 a.m. on December 5, for the appointment of commissioners to ascertain a just compensation for the land proposed to be condemned and to award damages resulting to the residue, if any, were duly served upon the Williamsons on November 15. Neither the Williamsons nor their attorney appeared at the stated time for the appointment of commissioners and the court, upon motion of the Authority, appointed five disinterested freeholders residing in the city to act as such.

The order provided, among other things, that the commissioners should meet at 10 a.m. on December 12, at the Courthouse, view the property, hear proper evidence of any person affected, ascertain a just compensation for the land proposed to be taken, assess damages, if any, resulting to the residue, and make a report thereof. Pursuant to these directions the commissioners met at the fixed time and place, viewed the land, heard evidence presented, ascertained that a just compensation for the lots to be condemned was $750 and assessed no damages to the adjacent property. Their report was filed on December 13. The Williamsons did not appear at this hearing and they offered no evidence.

On December 15, the Authority paid into court the amount of the award, and on December 27, counsel for the Williamsons tendered to the court their grounds of defense, together with an order permitting its late filing, which was marked "refused". On January 11, 1961, the Williamsons filed their exceptions to the commissioners' report, and one week later filed their motion to vacate the order appointing the commissioners and to dismiss the proceeding. After

hearing arguments of counsel, the court, by its order of January 25, overruled the motion and exceptions to the commissioners' report.

The jurisdiction of courts over eminent domain proceedings is purely statutory and the statutes must be strictly construed and followed. *West v. Anderson*, 186 Va. 554, 561, 42 S. E. 2d 876. Counsel for appellants conceded at the bar of this court that the proceedings had conformed to the requirements of the applicable statutes.

The Williamsons, however, challenge the constitutionality of § 25-13, which provides that the order which appoints the commissioners and fixes the time for them to meet shall operate as a notice of such meeting to all parties in interest. They also contend that the proceedings did not comply with the Rules of Court, which, they say, supersede the statutory requirements.

Section 25-13 reads:

"In the order appointing such commissioners the court, or judge in vacation, shall designate the day and hour for them to meet, which order shall operate as notice of such meeting to all parties in interest."

Appellants argue that this section does not satisfy the constitutional requirement for due process of law as to notice and an opportunity to be heard.

In *John Doe* v. *Thomas Preston Brown*, 203 Va. 508, 125 S. E. 2d 159, (decided April 23, 1962) we had occasion to discuss "due process of law" with regard to notice and an opportunity to be heard. There we said:

"It is universally recognized that 'due process of law' requires that a person be given notice and a reasonable opportunity to be heard before an impartial tribunal before any binding decree or order may be entered affecting his right to liberty or property. But this does not mean that the legislature in its discretion may not prescribe the kind of notice and the manner in which it shall be given if it is reasonable under all the circumstances and affords the party affected a reasonable opportunity to be heard. *Violett* v. *City Council of Alexandria*, 92 Va. 561, 567, 570, 23 S. E. 909, 912, 53 Am. St. Rep. 825, 31 L. R. A. 382; *Ward Co. v. Henderson-White Co.*, 107 Va. 626, 630, 631, 635, 59 S. E. 476, 478, 480; *A. S. White & Co.* v. *Jordan*, 124 Va. 465, 466-471, 98 S. E. 24.''

In *Dohany* v. *Rogers*, 281 U. S. 362, 369, 50 S. Ct. 299, 74 L. ed. 904, 68 A. L. R. 434, the court stated:

"The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. Under it he

may neither claim a right to trial by jury nor a right of appeal. Its requirements are satisfied if he has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it." (Citing cases.)

Here, the Williamsons were duly served with a copy of the petition for condemnation and a notice of the Authority's intention to apply to the Circuit Court of the City of Hopewell on the designated day and hour for the appointment of commissioners to ascertain the value of the land proposed to be condemned and damages to the residue, if any. § 25-10. The subpoena in chancery should not have been issued and attached to the petition, but it was mere surplusage and of no effect. The Williamsons failed to appear at this hearing, and pursuant to § 25-13, *supra*, the court fixed the day and hour for the appointed commissioners to meet to ascertain the value of the land, all of which was a matter of record. Yet, the Williamsons did not interest themselves to inquire as to what had transpired at the hearing. They made no appearance in the case until 14 days after the commissioners had made their report and 12 days after the Authority had deposited in court the amount fixed by the commissioners. It can hardly be said that the appellants did not have reasonable notice and a reasonable opportunity to be heard at the commissioners' hearing. We hold that § 25-13 does not offend either the Constitution of Virginia or the Constitution of the United States for lack of due process as to notice and an opportunity to be heard.

■ Finally, it is contended that the Rules of Court supersede the statutes, and that the proceedings had were in conflict with the Rules. The ready answer to this contention is that the Rules of Court do not apply to eminent domain proceedings. Rule 3:1. That being the case the statutes governing procedure in such cases control.

For the reasons stated, the order appealed from is

*Affirmed.*