# Richmond

## Carlton J. Schmidt, Et Al. v. City of Richmond.

June 14, 1965.

Record No. 5945.

Present, All the Justices.

212

*Henry T. Wickham (Charles L. Reed; Tucker, Mays, Moore & Reed*, on brief), for the appellants.

*O. C. Thacker, Jr., Assistant City Attorney (J. E. Drinard, City Attorney*, on brief), for the appellee.

SNEAD, J., delivered the opinion of the court.

Carlton J. Schmidt and Mary Schmidt, husband and wife, appealed from an order entered December 31, 1963, in a condemnation proceeding instituted by the city of Richmond, which, *inter alia*, confirmed the report of the commissioners and vested title to certain parcels of land owned by the Schmidts in the city.

Pursuant to an ordinance adopted by the city council, the city attorney on August 2, 1963, filed a petition under the "Virginia General Condemnation Act", Code §§ 25-46.1 *et seq*[1]., to acquire twenty parcels of land to be used for extending the public school playground facilities at Maggie Walker High School. Fourteen of these parcels were owned by the Schmidts and the other six were owned by persons not here involved.

The caption of the petition described the entire property to be condemned as being 3.9 acres, more or less, and set forth the boundaries of it by streets, an alley, a railroad, etc. as stated more particularly in the notice of filing quoted *infra*. In the body of the petition it was stated that "the land to be taken * * * is shown enclosed in red lines on the plan on file in the office of the Department of Public Works of the City of Richmond, entitled 'Plan for Acquisition of Property West of Maggie Walker Playground,' marked 'Drawing No. O-

---

[1] The Acts of 1962 repealed Chapter 1 of Title 25 containing §§ 25-1 through 25-46 relating to condemnation generally and amended the Code by adding in Title 25 a chapter numbered 1.1 containing §§ 25-46.1 through 25-46.34 relating to the same matters.

14612-A,' a copy of which is attached to this petition, marked 'Exhibit No. 3,' and prayed to be read as a part of this petition * * *." The exhibit was attached to the petition filed and it showed each parcel sought to be condemned by its number and metes and bounds description. All of the parcels were enclosed by red lines. The city undertook to describe each parcel by metes and bounds in the body of the petition, but some of the parcels owned by the Schmidts were not properly described according to the plat. The petition stated the names and addresses of the owners of the numbered parcels.

Notice of the filing of the petition was served upon the Schmidts and other landowners. § 25-46.9. It provided in part:

"You are hereby notified that in this proceeding the petitioner seeks to acquire by condemnation proceedings the fee simple estate or interest in and to 3.9 acres, more or less, of land located in the area bounded by Louisa Street, Elizabeth Street, the Seaboard Air Line Railroad and a point 100.63 feet east of Dinneen Street and in the area bounded by Louisa Street, Elizabeth Street, a 10 foot alley south of Louisa Street and a point 100 feet east of Dinneen Street in the City of Richmond for the uses and purposes of the petitioner for extending the public school and playground facilities at the Maggie Walker High School, *all of which is described more particularly in the petition and exhibits attached thereto on file in the office of the Clerk of this Court, to which reference is hereby made for a full and accurate description thereof,* * * *." (Emphasis added.)

The notice also stated that the city would apply to the court on September 24, 1963, for the appointment of commissioners to ascertain just compensation for the land to be acquired. It further stated that failure to file an answer and grounds of defense within twenty-one days would not preclude the landowners from appearing on the date set for the appointment of commissioners, from presenting evidence as to valuation and damages, from sharing in the award, nor from otherwise protecting their rights but that it would preclude them from any other defense by way of plea in bar, abatement or otherwise. Code, § 25-46.9. The Schmidts did not file an answer or object to the jurisdiction of the court within the twenty-one day period.

No commissioners were appointed on September 24, and on September 30, the city, by leave of court, filed an amended petition to be considered along with the original petition. § 25-46.14. In the amended petition a successor trustee bank was added as a party de-

fendant and the twenty parcels sought to be condemned were again described by metes and bounds. A correct description was given of all except parcel 16 owned by the Schmidts. This parcel was described as beginning at a point 427.50 feet east of the east line of Dinneen street when in fact it begins 316.50 feet from that line. However, the Schmidts owned parcels 15 and 17 which adjoined parcel 16 on each side and the error was readily apparent. The general description of the entire property to be condemned was not changed and the area enclosed by the red lines on the plat was not altered. Notice of the filing of the amended petition was served only on the new party and it stated that on October 25 the city would request the appointment of commissioners.

On October 25, the city filed a list of nine suggested commissioners, and by order entered on October 28 five of them were appointed to try the issue of just compensation for the property sought. They were summoned to appear in the court room on November 12 at 2 p.m. to be sworn and instructed and to view the property. The order concluded by stating that on November 12 the court would "determine the time and place for the trial of the issue of just compensation by the commissioners." On that day, for reasons appearing sufficient to the court, an order was entered appointing a substitute commissioner to serve in the place and stead of one of the five theretofore appointed. This order likewise stated that on November 12 the court would determine the time and place for the trial of the issue of just compensation, but the record fails to disclose that an order was ever entered fixing a date for such a trial.

On December 2, the commissioners filed their report. It was dated November 27 and recited that on November 12 a view of the property as shown on the exhibit filed with the petition was taken and "such other proper evidence as was before us" was considered. It fixed the just compensation due the landowners for the condemned property. Compensation for the parcels owned by the Schmidts was ascertained to be $21,050. No exceptions were taken to the report and on December 31 an order was entered confirming it, vesting title to the condemned property by parcel numbers as shown on the plat (Drawing No. O-14612-A) in the city in fee simple, and referring the matter to a special commissioner appointed to make certain inquiries to enable the court to properly dispose of the funds deposited to the credit of the court by the city.

As directed by the order, the special commissioner gave timely notice to the defendants of the time and place of making the in-

quiries. The Schmidts appeared specially at the hearing and objected to the execution of the decree of reference on the ground that no valid decree of condemnation had been entered as to them because the city had failed to serve notice upon them of the filing of the amended petition.

The special commissioner filed his report on January 28, 1964. It stated, among other things, that the Schmidts were entitled to receive $21,047.49, the amount allowed by the commissioners less a tax lien of $2.51. The Schmidts filed their exceptions to the report on February 7 and later filed a motion to vacate all proceedings had since the filing of the original petition on August 2, 1963, but the exceptions and the motion were overruled.

██ The errors assigned by the Schmidts relate to the procedure followed in the condemnation of their land. They first contend that the court erred in entering its order of December 31, 1963, vesting title to their property in the city because they were not given notice of the filing of the amended petition in contravention of Code, § 25-46.9. They assert that the amended petition materially altered the description of the property sought to be condemned and that the taking of their land without such notice "constitutes the deprivation of their property without due process of law". The gist of their contention is that notice should have been given of the filing of the amended petition as was required of the filing of the original petition by Code, § 25-46.9, which provides in part:

"Proceedings for condemnation shall be initiated by filing the petition referred to in § 25-46.7 in the court, or in the clerk's office thereof, having jurisdiction under § 25-46.4. Upon the filing of such petition, the petitioner shall give the owners twenty-one days' notice of the filing of such petition and of its intention to apply to the court for the appointment of commissioners to ascertain just compensation for the property to be taken * * *."

It is conceded by the Schmidts that if the description of the property contained in the original petition was "sufficient" and that if the only reason for filing the amended petition was to add another party, as contended by the city, then notice of filing the amended petition was not required.

Code, § 25-46.7(b)6 provides that a petition for condemnation shall contain "A description of the property to be taken sufficient for its identification and a plan or plat of the land to be taken shall be attached as an exhibit to the petition".

In 6 Nichols on Eminent Domain (3rd ed.), § 26.112, p. 125, it is said:

"* * * Accuracy in the description is deemed essential and in some jurisdictions this requirement is strictly contrued (sic). However, even if there are discrepancies between the description and the plan if, on the whole, what is meant can be made out, the taking is valid, but if the dimensions are not given in the description and there is no scale on the map, the proceeding is defective. Mere inaccuracy in the description will not of necessity defeat the validity of the proceedings if it is of such character that the owners are not thereby misled, and especially is this true if the defects are subject to correction." See also *Hutt* v. *City of Chicago*, 187 Ill. 145, 58 N.E. 412; *Gilkey* v. *Town of Watertown*, 141 Mass. 317, 5 N.E. 152; 18 Am. Jur., Eminent Domain, § 325, p. 970; 29A C.J.S., Eminent Domain, § 259 a., p. 1109.

In *Dillon* v. *Davis*, 201 Va. 514, 518, 112 S.E. 2d 137, we quoted with approval the following statement in 29 C.J.S., Eminent Domain, § 259 d., p. 1231 [29A C.J.S., Eminent Domain, § 259 d., p. 1113]:

"Although the description in the petition of the property sought to be condemned, or of the location, route, and termini of the improvement, may in itself be insufficient, it may be made sufficient by reference to other documents, such as maps, plats, surveys, deeds, and the like, unless such maps, etc., are insufficient in themselves to aid or render certain the description given in the petition, * * *."

Here, the Schmidts were served with notice of the filing of the original petition. The notice designated generally, both in its caption and body, the kind, quantity and location of the entire property to be condemned and made reference to the petition and exhibits attached thereto on file in the clerk's office for a full and accurate description. The caption of the original petition stated generally the kind, quantity and location of the property sought. In the body of the petition it was stated that the land to be taken was enclosed in red lines on "Drawing No. O-14612-A" which was attached to and made a part of the petition. Not only were the various parcels enclosed in red lines on the plat or drawing, but each of them was numbered and designated by metes and bounds. Moreover, both the plat and the petition designated the owner of each numbered parcel.

The statute does not require that the petition contain a description of the property by metes and bounds. It requires only a description "sufficient for its identification" and a plat of the land to be condemned attached to the petition as an exhibit. Even though the city

incorrectly described some of the parcels by metes and bounds in the petition we do not think that the Schmidts were misled. An inspection of the plat attached to the petition would have readily revealed the inaccuracies. We hold that the description of the property sought to be condemned in the original petition was "sufficient for its identification" and satisfied the requirements of Code, § 25-46.7(b)6. That being the case, it was not error for the city to fail to serve upon the Schmidts notice of the filing of the amended petition although it would have been the better practice to have done so.

■ The Schmidts rely principally upon their assignments of error which allege that the court erred (1) in summoning only five disinterested freeholders to serve as commissioners instead of nine as required by Code, § 25-46.20, and (2) in failing to enter an order fixing a date for the trial of the issue of just compensation.

The city contends that since the Schmidts did not file an answer to the original petition asserting grounds of defense or raise jurisdictional questions within 21 days after notice was served upon them as specified in § 25-46.9 and did not appear or take part in the proceedings until after the entry of the order confirming the commissioners' report and vesting title to their property in the city, they have no standing to raise any question involving defects in the proceedings. With this contention we do not agree.

We have many times said that in eminent domain proceedings the jurisdiction of courts is wholly statutory and that the statutes must be strictly construed and followed. *West* v. *Anderson,* 186 Va. 554, 561, 42 S.E. 2d 876, 879; *Dillon* v. *Davis, supra,* 201 Va. 514, 519, 112 S.E. 2d 137, 141; *Williamson* v. *Housing Authority,* 203 Va. 653, 655, 125 S.E. 2d 849, 850. The failure of the Schmidts to file their answer and grounds of defense or to appear and take part in the proceedings did not constitute a waiver of the mandatory requirements of the statutes. They had the right to assume that the applicable statutes would be strictly followed in the condemnation of their land.

■ Code, § 25-46.20 reads in part as follows:

"If the issue of just compensation is to be determined by a commission, *the court shall summon nine disinterested freeholders, or five disinterested freeholders if the parties so agree,* * * *. If nine are summoned, the petitioner and the owners shall each have two peremptory challenges and the remaining five, or the original five if

only five are summoned, shall be appointed, any three or more of whom may act, * * *."

The statute plainly states that the court *shall* summon nine disinterested freeholders unless the parties agree to the summoning of five such freeholders. When the word "shall" appears in a statute it is generally used in an imperative or mandatory sense. *Black's Law Dictionary*, (4th ed.), p. 1541; 21A M.J., Words and Phrases, p. 461; 39 Words and Phrases, p. 123 *et seq.* Here, the Schmidts did not at any time agree with the city that only five disinterested freeholders should be summoned. Under the statute they had a right to expect that nine freeholders would be summoned in order that they might have the privilege of exercising two peremptory challenges. It is true that the Schmidts did not make an appearance, but the court could have struck two freeholders for them in their absence. We hold that the court committed prejudicial error in failing to comply with the statute which required that nine freeholders be summoned.

■ In our view the crucial question raised is whether the court erred in failing to enter an order fixing a date for the trial of the issue of just compensation.

Code, § 25-46.17 provides in part:

"At the hearing upon the petition and application for the appointment of commissioners made in accordance with § 25-46.9 if no answer and grounds of defense has been filed objecting to the jurisdiction if (sic) the court to hear the case and to proceed with the appointment of commissioners, *the court shall enter an order fixing a date for the trial of the issue of just compensation* and stating that such issue shall be determined by a commission or by the court, as provided in § 25-46.19. * * *" (Emphasis added.)

The record shows that in the orders of October 28 and November 12, 1963 the court stated that on November 12, 1963 it would "determine the time and place for the trial of the issue of just compensation by the commissioners", but no order was ever entered fixing a date for the trial of this issue. The commissioners' report filed on November 27 indicates that the trial was had on November 12. The Schmidts argue that they expected to be present at the trial and to present evidence as to the value of their property but were never afforded that opportunity.

In 29A C.J.S., Eminent Domain, § 244, p. 1081 it is said:

"The owner of property taken or damaged for a public use is entitled to be heard on the question of compensation, and in order that this right may be made available such notice must be given as

will afford the owner a reasonable opportunity to be heard, * * *."

In *Walker* v. *City of Hutchinson*, 352 U.S. 112, 115, 1 L. ed. 2d 178, 77 S.Ct. 200, the court said:

"It cannot be disputed that due process requires that an owner whose property is taken for public use must be given a hearing in determining just compensation. The right to a hearing is meaningless without notice. * * *" See also *North Laramie Co.* v. *Hoffman*, 268 U.S. 276, 284-285, 69 L. ed. 953, 45 S.Ct. 491; *Bragg* v. *Weaver*, 251 U.S. 57, 59, 64 L. ed. 135, 40 S.Ct. 62; *Schroeder* v. *New York*, 371 U.S. 208, 9 L. ed. 2d 255, 83 S.Ct. 279, 89 A.L.R. 2d 1398; 49 Va. Law Rev., "Virginia Condemnation Act", p. 1247.

For a further discussion of the requirement of notice and a reasonable opportunity to be heard see *Williamson* v. *Housing Authority*, *supra*, 203 Va. 653, 125 S.E. 2d 849.

The entry of an order fixing a date for the trial of the issue of just compensation serves as notice of the trial to all interested parties. The court failed to comply with this mandatory requirement of the statute, and as a result, the Schmidts received no notice of the time of the trial and were not afforded a reasonable opportunity to be heard. We hold that the court committed prejudicial error by failing to enter the required order.

The Schmidts also claim in their assignments of error that the court erred in entering the order of December 31, 1963, vesting title to their property in the city, because no notice was given to them that the city would apply to the court on October 25, 1963 for the appointment of commissioners and in entering the order of November 12, 1963 appointing a substitute commissioner because no notice was served upon them of such appointment. It was conceded during oral argument before us that if we determined that notice to the Schmidts of the filing of the amended petition was not required, then the above notices were not essential. Having decided that notice of the filing of the amended petition was not required and in view of the Schmidts' concession, it becomes unnecessary to discuss whether such notices were required.

The order of December 31, 1963, appealed from is reversed and vacated as to the Schmidts and the case is remanded with direction that new disinterested freeholders be summoned and appointed, after proper notice to the Schmidts, to try the issue of just compensation in accordance with the applicable statutes.

*Reversed and remanded.*