## Richmond

DORA PLUMMER, ET AL. v. DIRECTOR, DEPARTMENT OF CONSERVATION AND ECONOMIC DEVELOPMENT, COMMONWEALTH OF VIRGINIA.

March 10, 1969.

Record No. 6845.

Present, All the Justices.

*Stuart B. Campbell, Jr.* (*John W. Parsons; Joe W. Parsons; Campbell and Campbell*, on brief), for appellants.

*Kelly E. Miller, Assistant Attorney General* (*Robert Y. Button, Attorney General; Paul D. Stotts, Assistant Attorney General*, on brief), for appellees.

SNEAD, J., delivered the opinion of the court.

Pursuant to the provisions of Code §§ 25-120 *et seq*, the Director of the Department of Conservation and Economic Development, on

behalf of the Commonwealth of Virginia, appellee, filed on January 4, 1967 a single petition against a number of landowners to condemn twenty-three parcels of land in Grayson county for the purpose of creating Mt. Rogers State Park. An agreement was entered into between petitioner and the landowners by counsel and approved by the trial court that, instead of proceeding under the Public Park Condemnation Act the procedure to be used would be that for acquiring property by the State Highway Commissioner under Title 33 of Code 1950, as amended. The commissioners, after viewing the tracts of land and hearing evidence, filed their report on each tract. Dora Plummer and sixteen other property owners, appellants, filed a joint motion requesting the court to reject the reports respecting their properties on the ground, among others, that several of the commissioners selected by the court were not residents of the county wherein the tracts were situated and to order new hearings by legally qualified commissioners. By an order entered June 5, 1967, the trial court overruled the motion and confirmed the reports of the commissioners. We granted appellants a writ of error to the entry of this order.

No court reporter was present during any of the proceedings had and a "Statement of Incidents of Trial" was prepared by counsel and certified by the trial court. The pertinent parts follow:

"* * * [A]t the request of all interested parties, the Court was asked to appoint nine (9) commissioners as provided in the Highway Condemnation Statutes, and included in the members so appointed and summoned, at least three (3) members [who] reside in that portion of Grayson County, Virginia, within the corporate limits of the City of Galax, a city of the second class. The City of Galax has no court of record, and the Circuit Courts of Grayson and Carroll Counties exercise jurisdiction in the City; records, deeds, etc., are recorded in the Clerk's Office of Grayson County, and residents of Galax serve on Grayson County juries, and Galax has in all Court proceedings been considered a part of Grayson County. Its citizens vote for the Commonwealth Attorney, Clerk and Sheriff of Grayson County. No objections were made to the appoint [appointment] of commissioners at the time of appointment, but after the first hearing the landowners objected to the commissioners from that portion of Grayson County lying within the corporate limits of the City of Galax, Virginia, on the ground that they were not residents of the County in which the land to be condemned was situ-

ated, which motion was overruled by the Court and exception taken.

\* \* \* \* \* \* \*

"For a period of time from February through April, these cases were tried and awards returned in each individual case, the last of said cases being the Bruce Houck tract tried on April 17, 1967. On April 25, 1967, the defendants moved the Court to decline to accept or to disapprove or set aside the findings of the commissioners and to decline to enter final judgment on the grounds above mentioned. By order entered on June 5, 1967, the Court, being of the opinion that under the Highway Condemnation Statutes, the defendant landowners must file written exceptions not more than ten (10) days after the rendering of the reports, and being further of the opinion that the exceptions were barred by this provision except as to the Bruce Houck property, tried on April 17, 1957, denied the motion of the defendant landowners, and overruled the motion as to the Bruce Houck tract."

The city of Galax was created by Chapter 562 of the Acts of Assembly, 1954, as a city of the second class, and was formed of lands lying in both Carroll and Grayson counties.

The stipulation shows that appellants objected before any evidence was heard in their cases to certain of the commissioners selected as being residents of Galax and not of Grayson county wherein the land sought to be condemned is situated. The sole issue involved under the assignments of error relied upon is whether the trial court erred in overruling appellants' motion to reject the commissioners' reports and to order new findings of fact by legally qualified commissioners.

At the time the hearings were had, Code, § 33-63.1[1] provided in part:

"Upon or after the expiration of twenty-one days from the return date of the notice for appointment of commissioners as provided for in § 33-60.3, the court or the judge thereof in vacation, shall, upon motion of the Commissioner or the owner summon nine disinterested freeholders, or five disinterested freeholders if the parties so agree, who shall be residents of the county or city wherein the land or the greater portion thereof to be condemned is situate. \* \* \*"

Pursuant to the provisions of this Code section, the court, by order entered February 20, 1967, summoned "upon motion of Petitioner,

---

[1] Code, § 33-63.1 was later amended by the 1968 General Assembly.

nine disinterested freeholders of Grayson County, Va." to appear before the court on February 27, 1967. On that day five commissioners heard and completed the case of one of the landowners not involved in this appeal. The next day counsel for appellants, before any evidence was heard, objected to three of the nine commissioners summoned by the court because they resided within the corporate limits of the city of Galax and were not residents of Grayson county where the parcels sought to be condemned are situated, as required by § 33-63.1. The motion was overruled, exceptions were taken and trial of the cases proceeded.

The appellants contend that since the mandatory requirement of the statute for summoning and appointing commissioners was not complied with the proceedings had were invalid, and that under the circumstances it was not necessary for them to file written exceptions to the commissioners' reports within ten days as set forth in Code, § 33-64, *infra.*

On the other hand, the appellee argues that "the City of Galax has no courts of record of its own, that its residents, by custom, serve on Grayson County juries, and that Galax has in all court proceedings been considered a part of Grayson County. Therefore, under the particular circumstances of this case the requirements of § 33-63.1 as to the residency qualifications of the commissioners were satisfied by the selection of commissioners residing in the City of Galax". Moreover, he says if there were any defects in the appointment of commissioners, such objections were waived by appellants.

In the first place, the city of Galax is not a part of Grayson county within the meaning of § 33-63.1. Furthermore, all of the "particular circumstances" recited by appellee in his brief (as well as those included in the stipulation) as imparting a somewhat dual character to Galax city and Grayson county residency are specifically authorized by statute[2] while there is no such statutory authority relating to the appointment of commissioners for land condemnation. It follows that residents of Galax are not qualified to serve as commissioners in condemnation proceedings involving land situated entirely within Grayson county.

"It is well established that statutes conferring the power of eminent domain are to be strictly construed against the grant and the authority conferred by such statutes must be exercised in the manner provided by law." *Dillon v. Davis,* 201 Va. 514, 519, 112 S.E.2d

---

[2] Code, 1950, as amended, §§ 15.1-994, 15.1-997, 8-182; Chapter 562 of Acts of Assembly, 1954, ch. 11, § 11.01.

137, 141; see also *Schmidt* v. *Richmond*, 206 Va. 211, 217, 142 S.E.2d 573, 577. In view of the foregoing, we hold that it was error for the court to include among the commissioners appointed persons not residents of Grayson county.

Appellee points out that no objections were made to the qualifications of the commissioners until after they had been appointed and had considered the first case, and contends that objections made on February 28 were therefore not timely and the defects in qualifications, if any, were waived. We do not agree. The record shows that the order of February 20 summoning nine commissioners was not endorsed by counsel for appellants. Also there is no showing that appellants at any time affirmatively agreed to the commissioners named therein. Objections to the commissioners improperly summoned and appointed were raised before any evidence was heard regarding the tracts belonging to any of the appellants. Further, the names of two who actually served as commissioners, B. W. Lindsay and Robert Lee Higgins, (either one or both of whom served in every case) were not included in the order of February 20, and appear in the record for the first time as signatures on the reports. Appellants state in their reply brief that Lindsay was one of the persons objected to on February 28 prior to the hearing on that date as not residing in Grayson county. There is nothing in the record before us to show that Higgins and Lindsay were ever summoned or appointed. Under the circumstances related we must conclude that objection was timely made.

The trial court overruled appellants' motion to reject the reports of the commissioners on the ground that all, save Bruce Houck, failed to file written exceptions within ten days after the commissioners' reports were rendered, as provided by § 33-64. The court gave no reason for overruling the motion as to appellant Bruce Houck.

Section 33-64 provides in part:

"* * * When the commissioners shall have arrived at their conclusion they shall make their report in writing to the court, or to the judge thereof in vacation. The report may be confirmed or set aside forthwith by the court, or the judge, as the case may be, provided that when the report is so filed and before the court or judge passes thereon, either party shall have the right to file written exceptions *to the report*, which shall be filed not later than ten days after the rendering of the report by the commissioners. The court

or the judge, as the case may be, shall have the same power over the commissioners' reports as it now has over verdicts of juries in civil actions." (Italics supplied.)

Appellants' motion, filed April 25, 1967, to reject the reports of the commissioners was not directed to the reports themselves, but was directed to the qualifications of some of the commissioners selected; it was in effect a renewal of the objection made and overruled prior to a consideration of the first case involving appellants. Further, § 33-64 does not make the procedure therein set out the exclusive method for properly raising objections to proceedings under the mandatory provisions of § 33-63.1. As we previously said timely objections were made and exceptions taken. We think that this was sufficient to save the point of which appellants were complaining; that it was not required that they file written exceptions under § 33-64 after the report in each case, addressed to the same point, and that they are therefore not barred by this section from relying upon the objection made.

For the reasons stated, we hold that the court erred in overruling appellants' motion to reject the commissioners' reports. The judgment appealed from is reversed and the cases remanded to the trial court with direction to hold new hearings by qualified commissioners legally summoned and appointed.

*Reversed and remanded.*