## Richmond

STATE HIGHWAY COMMISSIONER OF VIRGINIA V. HOOKER FURNITURE CORPORATION.

August 30, 1973.

Record No. 8169.

Present, All the Justices.

*Francis A. Cherry, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General; Walter A. McFarlane, Assistant Attorney General; M. Harrison Joyce; Stone, Joyce, Worthy & Stone*, on brief), for plaintiff in error.

*Jackson L. Kiser (Young, Kiser & Haskins*, on brief), for defendant in error.

Per Curiam.

The State Highway Commissioner of Virginia (Highway Commissioner) was granted an appeal from a final order of the trial court in this condemnation proceeding awarding the landowner, Hooker Furniture Corp., $85,740.00 as compensation for land taken and $174,-124.50 for damages to the residue of its property, a total award of $259,864.50.

The only question here is whether these awards are void because this case was tried, by agreement of the parties with the concurrence

of the trial court, after only four trial commissioners had been appointed.

Nine persons were summoned as prospective trial commissioners by order of the trial court. Code § 33.1-107.[1] On the date set for the hearing it was discovered that one of those summoned was not qualified to serve as a commissioner because he was not a freeholder of the City of Martinsville, where the condemned property was located. By agreement, each of the parties exercised two peremptory challenges and the remaining four persons, instead of five as required by Code § 33.1-107, were appointed and acted as trial commissioners. At the conclusion of the hearing the four commissioners rendered a unanimous report making the awards set forth earlier. This report was subsequently confirmed by the trial court.

The Attorney General argues that the appointment of five trial commissioners is jurisdictional and that such jurisdiction cannot be conferred by agreement or by waiver.

It is well established that statutes conferring the power of eminent domain are to be strictly construed against the grant, and the authority conferred by such statutes must be exercised in the manner provided by law, *Dillon* v. *Davis*, 201 Va. 514, 519, 112 S. E. 2d 137, 141 (1960). However, where the parties agree, with the court's approval, to waive strict compliance, such agreements will be enforced against the condemnor. *See Plummer* v. *Dept. of Conservation*, 209 Va. 616, 166 S. E. 2d 281 (1969).

Here the Highway Commissioner agreed to the appointment of only four trial commissions. This agreement constituted a waiver of strict compliance with the statutes, so the order of the trial court will be affirmed.

*Affirmed.*

---

[1] Code § 33.1-107, which was in effect when this case was tried, was repealed by Acts of Assembly, 1972, c. 765.