## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth Transportation
Commissioner of Virginia

v.

Powers

March 13, 1990

Case No. (Law) 91415

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court on respondent Powers' various Motions in opposition to the entry of an order confirming a Commissioners' Award. This Court heard argument on March 2, 1990. For the reasons stated below, respondent's Motions are hereby denied.

A trial was scheduled for February 13, 1990, pursuant to § 25-46.20 for the purpose of fixing the value of the respondent's property. Subpoenas were duly sent out to the nine Commissioners chosen by the parties. Seven appeared on the date of trial. Both parties then agreed to review the list of the seven present and exercise one strike each to yield a panel of five.

Counsel for respondent later raised a complaint about the selection of Commissioners but not until after the Commissioners had been impaneled and the petitioner had completed its evidence. Specifically, respondent claimed a violation of his right to exercise a peremptory challenge as provided by statute based on the fact that one of the nine original Commissioners was replaced without his knowledge. This motion for mistrial was denied and the five Commissioners proceeded to reach a unanimous verdict, fixing the value of respondent's property at $210,000. Respondent now repeats his objection to the process of

selecting Commissioners herein, requesting that the Commissioners' Award be set aside and that a new trial be granted.

Petitioner contends that respondent was fully aware of the identity of all Commissioners and the alleged substitution error was readily apparent from a cursory inspection of the Court's file. Petitioner further claims that respondent's objections should be rejected since they were not filed within ten days of the Commissioner's Report, as required by statute.

Turning first to petitioner's latter contention, the Virginia Supreme Court has already recognized that an objection to the selection of commissioners is not considered an exception to their report, so the ten-day time limit does not apply. *Plummer v. Department of Conservation*, 209 Va. 616, 621 (1969) (construing time limit now codified at § 25-46.21). The Court will accordingly reach the merits of respondent's objections.

By statute, the parties to an eminent domain proceeding have the right to the selection of five or nine disinterested freeholders to act as commissioners for the purpose of determining just compensation. § 25-46.20. If nine are summoned, the parties "shall each have two peremptory challenges . . ." in order to arrive at a panel of five. *Id.* The respondent complains that the errors allegedly committed in the selection of Commissioners in this case constitutes a violation of his right to participate in the selection of a fair and impartial panel of Commissioners. Respondent then reminds the Court that these statutes must be strictly construed and followed.

The crux of the due process rights contained in these statutory procedures is to provide landowners with timely notice and sufficient opportunity to be heard by a panel of disinterested Commissioners. As explained in *State Highway Comm'r v. Hooker*, 214 Va. 137 (1973), parties to such proceedings may agree to waive strict compliance with these procedures (with the Court's approval), and such agreements will be enforced. *Id., citing Plummer, supra.* Indeed, the parties' agreement to begin with only seven Commissioners and exercise only one strike each is taken as such a waiver in this case. Absent fraud, simple error in the selection of Commissioners is generally no violation of due process where the landowner is represented by counsel and participates in that selection.

Respondent places additional reliance on the case of *Schmidt v. City of Richmond*, 206 Va. 211 (1965). There, the Court held that a landowner's due process rights were violated when only five Commissioners were summoned, rather than the full nine required by statute. The Commissioner's Award was therefore vacated even though the landowner had never appeared at the hearing or filed any timely exceptions. The Court stressed that strict compliance with the statute is particularly vital when proceedings are undertaken in the landowner's absence. *Schmidt*, 206 Va. at 218.

In this case, by contrast, the respondent's counsel participated fully in the selection of Commissioners. Any misunderstanding concerning the selection of one replacement Commissioner is at most an "innocent" or "mutual mistake," as argued by respondent. Such mistake does not alter the fact that respondent was timely notified and was given every opportunity to participate fully in the proceeding, including reviewing the total list of Commissioners summoned. Given this full participation, any defects in the selection of Commissioners is taken as a waiver of respondent's statutory rights, not as a violation of his constitutional rights.