**Alexandria**

FARES SHAMSE EDDINE

v.

AMAR BEETAR EDDINE

Nos. 0158-89-4
1558-89-4

Decided July 1, 1991

COUNSEL

Brian M. McCormack (Dunn, McCormack, MacPherson & Maxfield, on brief), for appellant.

William E. Findler, for appellee.

OPINION

**BARROW, J.**—These domestic relations appeals arise from the denial of a motion to set aside a monetary award and an award of attorney's fees. The husband, against whom the awards were entered, contends that he was denied due process because he did not receive notice of the hearing at which the awards were entered. Prior to the hearing, the trial court had dispensed with notice to the husband because when he moved from Virginia he failed to file a written statement of his new address as required by Code § 8.01-319(A). We hold that the husband was not denied due process. In addition, we hold that the trial court did not err, as also contended by the husband, in concluding that it could not set aside the judgment after the passage of twenty-one days from its entry.

In a final decree of divorce between the parties, entered in 1986, the trial court found that the parties' marital residence was the separate property of the husband. The wife appealed to this court, which found that the residence should have been classified as marital property and, by an order dated March 24, 1988, reversed and remanded the matter for further proceedings.

On March 29, 1988, the husband left the United States for Syria. He shipped his furniture to Syria, closed his medical practice, and stopped making child support payments. He failed, however, to provide the wife or the trial court with his new address. As a result, the wife moved pursuant to Code § 8.01-319(A) to dispense with any further notice to him. Notice of the hearing of this motion, scheduled for May 6, 1988, was posted on the door of the marital residence, the husband's last known residence in Virginia. On May 6, 1988, the trial court entered an order granting the wife's motion to dispense with any further notice to the husband.

The husband testified that he returned to Virginia to live in the marital residence on June 24, 1988. The wife acknowledges that after the husband's return, she saw him on the street some six or seven houses away from the marital residence but did not inform the trial court. She also testified that the notice of the hearing for May 6, 1988, was still posted on the door of the home as late as July.

On August 1, 1988, without any notice to the husband, the trial court heard evidence and entered an order awarding the wife a $289,540 monetary award and $3,000 attorney's fees. On August 22, 1988, the husband, *pro se*, filed a motion to set aside this order on the ground that it was void because he had received no notice of the August 1 hearing. The motion was not heard until August 26, 1988, and on January 6, 1989, the trial court denied the motion because more than twenty-one days had elapsed since the entry of the order. On November 15, 1989, the husband, by counsel, moved to set aside the August 1, 1988 order because it violated his due process rights under the constitutions of the United States and Virginia. The trial court denied the motion, and the husband has appealed, contending that due process requires that "notice of trial setting be given litigants" and that *"pro se*

litigants [not be given] less notice than . . . other litigants."[1]

The requirements of the due process clause are satisfied if a party "has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it." *Dohany v. Rogers*, 281 U.S. 362, 369 (1930). The "practicalities and particularities of the case" must be considered in determining whether these requirements are reasonably met. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

An elementary requirement of due process in any proceeding is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* Such notice "must afford a reasonable time for those interested to make their appearance." *Id.*

Unquestionably, the husband received such notice. He was served with process, made an appearance and had an opportunity to present his objections. The husband appeared and actively participated in the proceeding prior to the entry of a decree of divorce and, thereafter, on appeal. Notice to him was dispensed with only after he absented himself from the jurisdiction of the court without providing the clerk with his new address as required by statute.

Due process does not require actual notice to a party of the date of a trial or hearing after he or she has been properly made a party to the proceeding. *See Williamson v. Hopewell Redevelopment & Hous. Auth.*, 203 Va. 653, 655, 125 S.E.2d 849, 850-51 (1962), *appeal dismissed*, 371 U.S. 234 (1963). The legislature may prescribe "the kind of notice and the manner in which it shall be given if it is reasonable under all the circumstances and affords the party affected a reasonable opportunity to be heard." *Id.*

In this case, the General Assembly prescribed the "kind of notice and the manner in which it . . . [should] be given." Since he

---

[1] Notice was dispensed with pursuant to the provisions of Code § 8.01-319(A), and the appellant only contests the constitutionality of Code § 8.01-319(A). We, therefore, address only the constitutionality of this provision and do not address the applicability of Code § 8.01-319(B) discussed in the dissent.

was a *pro se* litigant, the husband was required to file with the clerk of the court "a written statement of his place of residence and mailing address." Code § 8.01-319(A).[2] He was further required to "inform the clerk in writing of any changes of residence and mailing address during the pendency of the action." *Id.* The wife was entitled to rely on such statement and since the statement was not filed, the court was authorized to dispense with notice to the husband. *See id.*

■ Code § 8.01-319 imposes different, not "less," notice requirements for a *pro se* litigant than one represented by counsel. A *pro se* litigant is required to advise the clerk of court of his address and any change in it. If a litigant is not *pro se*, but is represented by counsel, papers may be served on "an attorney authorized to practice law in this Commonwealth" who has entered a general appearance for the litigant. Code § 8.01-314. Both of these provisions serve to ensure that notice of the proceedings may be served on the litigants. The failure to provide an address sufficient to ensure such notice may prevent a case from proceeding in an orderly manner. *See Byrum v. Lowe & Gordon, Ltd.*, 225 Va. 362, 363-64, 302 S.E.2d 46, 47 (1983). If a litigant wishes to be informed of the proceedings, he or she must either keep the court advised of where service may be accomplished or be represented by counsel upon whom service may be had. The husband's failure to receive notice because he moved from his residence without notifying the clerk of his new address did not deprive him of due process of law. To hold otherwise would allow a litigant disappointed in the direction litigation might be taking to thwart the authority of the court by leaving the area without notifying the court of his or her new address.

Finally, in appealing the trial court's refusal to set aside the judgment, the husband contends that the twenty-one day limitation contained in Rule 1:1 does not bar the trial court from setting aside a void judgment. He contends that this judgment was void because it violated his "due process right to notice." As previously discussed, the judgment did not violate the husband's right to due process; therefore, the trial court did not err in concluding that Rule 1:1 prevented it from setting aside the judgment.

---

[2] Although the headline of Code § 8.01-319 reads "Publication of interim notice," we believe that this section is not limited to only those cases initiated by publication. *See* Code § 1-13.9.

For these reasons, the judgment of the trial court entering a monetary award and an award for attorney's fees and its order denying the husband's motion to set aside the judgment are affirmed.

*Affirmed.*

Keenan, J., concurred.

Cole, J.,* dissenting.

In these consolidated domestic relations cases, we review a monetary award to the wife in the amount of $289,540 plus $3,000 in attorney's fees, an amount in excess of the marital assets. I conclude that the husband was denied due process when the trial court dispensed with notice to him in setting the trial date to determine the marital award in accordance with a remand from this court. Therefore, I dissent.

The litigation in this divorce case has been protracted since the separation of the parties in July 1984. A final decree of divorce was entered in this cause in the Circuit Court of Fairfax County on October 27, 1986. The final decree declared that the marital residence was the separate property of the husband. On the day the final decree was entered, the trial court entered an order permitting the husband's counsel to withdraw as attorney of record, leaving the husband *pro se* in the cause.

The wife appealed the final decree which held that the marital residence was the husband's separate property. We found that the residence should have been classified as marital property, and by an order dated March 24, 1988, reversed and remanded the cause to the trial court for further proceedings.

The primary dispute in this appeal centers around the validity of an order entered in the trial court on May 6, 1988. The basis upon which the order was entered was an affidavit furnished the court executed on April 28, 1988, by the wife, Amar. It states, in pertinent part:

---

\* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.

1. The defendant has removed himself from Fairfax County and from the Commonwealth of Virginia and no longer resides in this area.

2. Upon information and belief, the defendant has moved to Syria with no intention of returning.

In pertinent part, the May 6, 1988 order states:

It appearing to the Court that the defendant is *pro se* in this matter, and has become a nonresident of Virginia, and it further appearing to the Court that he has not filed a written statement of his place of residence and mailing address with the Clerk of this Court as required by Section 8.01-319 of the Code of Virginia, it is hereby ORDERED that the defendant is entitled to no further notice in this matter.

Armed with the May 6, 1988 order, counsel for the wife filed a *praecipe* in the clerk's office on May 10, 1988, requesting that this case be placed on the term day docket for May 31, 1988, to be set down for trial without a jury. The *praecipe* noted that the defendant, Fares Eddine, was not entitled to any notice in the matter. Accordingly, no attempt was made by the clerk to transmit to Fares the usual certificate indicating the trial date. At the term day docket, the cause was set for hearing on August 1, 1988, in Fares' absence.

On August 1, 1988, without any notice to Fares, the trial court heard evidence on the remand from the March 24, 1988 order of this Court. The trial court found that the marital residence was marital property and awarded Amar Eddine a monetary award in the amount of $289,540 plus $3,000 in attorney's fees. The court further held that the award would constitute a lien against the marital residence of the parties at 6513 Lakeview Drive, Falls Church, Virginia.

The record discloses that on March 29, 1988, Fares left this country for Syria. When he left, he closed his medical practice, stopped making child support payments and told his children that he was leaving for Syria. His children wrote to him in Syria, via Fares' parents. A neighbor, Meri Shoheiber, took Fares to the airport and testified that Fares made no clear statement that he was

not coming back; his return was an open possibility. Fares' next door neighbor, Miles Q. Romney, testified that in the early spring of 1988, Fares told him that he intended to go to Damascus, Syria, and Fares gave him an address in Damascus. Romney went through Fares' mail and those things which looked important, and air-mailed them to Fares at his Damascus address. The record further establishes that on June 24, 1988, Fares returned to Fairfax County and resided at the marital residence. The wife became aware that Fares had returned from Syria because, according to her testimony, she saw him six or seven houses down the road from his home. She did not mention that Fares had returned from Syria at the August 1, 1988 hearing because she "was not asked."

In early August 1988, Fares inquired of the circuit court the status of his pending suit. At this time, he learned for the first time of the August 1, 1988 order awarding his wife a monetary award of $289,540 plus attorney's fees. Fares, acting *pro se*, filed on August 22, 1988, a motion to set aside the order on the ground that it was void, having been entered without notice. The order was not vacated and the motion was not heard until August 26, 1988. Although the motion was filed within twenty-one days of the August 1 order, it was not heard until after expiration of the twenty-one day period. On January 6, 1989, the trial court entered an order denying the motion to set aside the August 1, 1988 order "because more than twenty-one days have elapsed since the entry of the order," holding in effect that it no longer had jurisdiction over the cause.

Fares retained counsel and on November 15, 1988, counsel filed another motion to set aside the August 1, 1988 order on the basis that it was void because it was violative of Fares' due process rights under both the United States and the Virginia Constitutions.[3] On September 5, 1989, the trial court heard evidence on this motion and on the same day entered an order denying the motion to set aside the August 1, 1988 order. The two orders of the trial court refusing to set aside the August 1, 1988 order form

---

[3] The Supreme Court of Virginia has held that the two due process clauses of the federal and state constitutions confer identical rights. *Archer v. Mayes*, 213 Va. 633, 638, 194 S.E.2d 707, 711 (1973); *see Leftwich v. Bevilacqua*, 635 F. Supp. 238 (W.D. Va. 1986). In this dissent I make no distinction between the two clauses and consider them together.

the basis of this consolidated appeal.

I only address Fares' contention that his due process rights were violated when the court dispensed with all further notice to him in the May 6, 1988 order. Many disputes have arisen concerning the abstract words of the due process clause but "there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). A person must be given notice reasonably calculated, under all the circumstances, to apprise him of the pendency of an action against him and afford him an opportunity to be heard. *Id.* at 314. Reasonableness under all of the circumstances mandates that "[t]he means employed must be such as one [who is] desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315; *see Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799-800 (1983).

It is equally essential that a person be given notice of any proposed action during a pending proceeding which affects his or her rights. The United States and Virginia Constitutions require a person to be given notice, but the legislature in its discretion prescribes the kind of notice and the manner in which the notice is given, provided the notice is reasonable under all the circumstances. *Doe v. Brown*, 203 Va. 508, 512, 125 S.E.2d 159, 163 (1962); *A. S. White & Co. v. Jordan*, 124 Va. 465, 468, 98 S.E. 24, 25 (1919); *Violett v. City Council of Alexandria*, 92 Va. 561, 570, 23 S.E. 909, 912 (1896). "Where a defendant has received personal service of process, irregularity will not defeat the court's jurisdiction, but if a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service will be invalid and any default judgment based upon it will be void." *Khatchi v. Landmark Restaurant Assocs., Inc.*, 237 Va. 139, 142, 375 S.E.2d 743, 745 (1989).

Further, the Supreme Court of the United States has held that state statutes which provide that service of process may be made on the Secretary of State in actions by residents against nonresidents for personal injuries resulting from the operation of motor vehicles are unconstitutional unless some provision requires the Secretary of State's office to mail the notice to the defendant, or to advise him, by some written communication. The Court has

stated that the law "should make a reasonable provision for such probable communication." *Wuchter v. Pizzutti*, 276 U.S. 13, 19 (1928); *accord Carroll v. Hutchinson*, 172 Va. 43, 50, 200 S.E. 644, 647 (1939).

Acknowledging that "due process" requires notice and an opportunity to be heard, Amar argues that Fares had notice that this case was remanded by this Court to the circuit court for further proceedings, that he abandoned the case and all contact with his family and the State of Virginia, and that notice to Fares was impossible when the May 6, 1988 order was entered. She contends that this is precisely the situation contemplated by Code § 8.01-319(A) and if it were not for such a provision, she could never have gone forward with the remand hearing.

Fares urges this Court to find Code § 8.01-319 unconstitutional since it gives the trial court the discretion to dispense with notice based on the assumption that a party has waived his or her constitutional right to notice by not complying with the statute, including cases when a *pro se* litigant does not file a written statement of his address.

An analysis of Code § 8.01-319(B) is necessary to understand its application to this case. It reads in pertinent part:

Notwithstanding any provision to the contrary in paragraph A hereof, depositions may be taken, testimony heard and orders and decrees entered without an order of publication, when the defendant has been legally served with or has accepted service of process to commence a suit for divorce or for annulling or affirming a marriage, and he or she or the plaintiff:

1. Shall thereafter become a nonresident; or

2. Shall remove from the county or city in which the suit is pending, if a resident thereof, or in which he or she resided at the time of the institution of the suit, or was served with process, without having filed with the clerk of the court where the suit is pending a written statement of his or her intended future place of residence, and a like statement of subsequent changes of residence; or

3. When after such written statement has been filed with the clerk, notice shall have been served upon him or her at the last place of residence given in the written statement as provided by law; or

4. Could not be found by the sheriff of the county or city for the service of the notice, and the party sending the service makes affidavit that he has used due diligence to find the adverse party without success. If such absent party has an attorney of record in such suit, notice shall be served on such attorney, as provided by § 8.01-314.

I acknowledge that this statute is not easily understood. It does, however, make sense when the four subsections are read together. I believe subsections 1 and 2 of Code § 8.01-319(B) must be read together because these two subsections define the applicable areas that are covered. Subsections 3 and 4 must be read together because these two subsections define the notice requirements. Although the four subsections are separated by the disjunctive "or," I do not believe the legislature intended each subsection to be considered separate and apart from the others. If subsection 1 is interpreted without regard to subsections 3 and 4, and if the defendant became a nonresident, depositions could be taken, testimony heard and orders and decrees entered without an order of publication because the subsection does not make any provision for notice, even if the plaintiff knows where the defendant has moved. Subsection 1 makes no provision for the use of due diligence to ascertain the whereabouts of the defendant. If subsection 1 is interpreted in this manner, a clear violation of the due process clause would occur because there is no "reasonable provision for such probable communication." *See Wuchter*, 276 U.S. at 19.

Subsection 2 provides that when the defendant has been legally served with process to commence a suit for divorce, and either party leaves the county or city in which the suit is pending without having filed with the clerk of the court a written statement of his or her intended future place of residence, or a like statement of subsequent changes of residence, depositions may be taken, testimony heard and orders and decrees entered without an order of publication. By reading subsections 1 and 2 together, I believe the intention of the legislature becomes clear. I would hold that the second part of subsection 2 is applicable to both subsections 1 and 2.

Subsection 2, like subsection 1, does not require notice even if the plaintiff or defendant, as the case may be, knows where the other party has moved. Neither subsection makes provision for the use of due diligence to ascertain the whereabouts of the defendant. In the instant case, the affidavit filed by Amar Eddine did not assert that the whereabouts of Fares was not known to her nor did it state that she had used due diligence to locate him. In the affidavit, she stated that upon information and belief, Dr. Eddine had moved to Syria with no intention of returning. She did not state where she obtained this information. She also did not state that their children wrote to him in Syria and obviously had an address at which he could be contacted. Evidence adduced at the subsequent hearing indicates that his location was easily obtainable.

Code § 8.01-319(A) does not require the clerk of court to mail a copy of the notice of any proceeding in the court to the adverse party even if such party has filed the place of his residence and mailing address with the court. The statute only states: "The clerk and all parties to the action may rely on the last written statement filed as aforesaid." However, by construing subsections 3 and 4 as applicable to subsections 1 and 2, Code § 8.01-319 makes "reasonable provision for such probable communication."

Subsection 3 of § 8.01-319(B) gives the clerk an address for a party and notice may be served upon the party at that location. Subsection 3, as I construe the statute, provides that if "notice shall have been served upon him or her at the last place of residence given in the written statement," depositions, testimony, and orders and decrees can be entered without an order of publication. If the party is served, no order of publication is necessary.

In the event a party cannot be served as provided in subsection 3, subsection 4 becomes applicable. This subsection provides that where the sheriff of the county or city attempting to serve the notice (referring to subsection 3) cannot find the party and the "party sending the service makes affidavit that he has used due diligence to find the adverse party without success," depositions, testimony, and orders and decrees may be heard without an order of publication. Code § 8.01-319(A) provides that the "court in which the action is pending may dispense with such notice for failure of the party to file the statement herein provided for or may require notice to be given in such manner as the court may determine." I find that section A of Code § 8.01-319 is applicable to

section B of the statute. Whether to dispense with the publication is a matter within the sound discretion of the trial judge. However, "sound reasoning and policy demand that publication in a newspaper should never be dispensed with in two situations, namely, in divorce cases and when it is sought to bring in parties unknown." *See* B. Lamb, *A Virginia Cause* 40 (Rev. ed. 1976).

Amar did not comply with Code § 8.01-319(B)(4). Affidavits must strictly conform to the statutory requirements. "[I]f a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service will be invalid and any default judgment based upon it will be void." *Khatchi*, 237 Va. at 142, 375 S.E.2d at 745; *see also Dennis v. Jones*, 240 Va. 12, 18, 393 S.E.2d 390, 393 (1990). Code § 8.01-319(B)(4) requires that a sheriff attempt to locate the adverse party and if the sheriff is unsuccessful, the party sending service must allege in an affidavit that he used due diligence to find the adverse party without success. The difference between the affidavit filed in this case and the statutory requirement is significant. First, there is no evidence a sheriff attempted to locate Fares. Second, the affidavit does not assert that Amar used due diligence to find him. In fact, the evidence indicates that Fares' location was easily ascertainable. While he was in Syria, the Eddine children wrote to him and his mail was being forwarded by a neighbor. When he returned to the marital residence, Amar saw him in the area. Moreover, she failed to disclose to the court that her husband had returned from Syria. I believe that a party who submits an affidavit asserting the truth of a matter has a continuing duty to update the affidavit as new facts come to the party's attention which make the affidavit false or misleading. Because of these facts, Amar did not comply with the statute permitting the trial court to dispense with publication.

I would hold that the order of May 6, 1988, dispensing with further notice in the cause, is void because it was based upon an insufficient affidavit and violated Fares Eddine's due process rights under the fourteenth amendment to the United States Constitution. It follows that the order of August 1, 1989, is void for the same reasons. I would reverse these orders and remand for further

proceedings in accordance with our remand order of March 24, 1988. For these reasons, I do not join in the majority opinion.