## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Curtis L. Clay

v.

Motor Vehicle Dealers Board

December 19, 1996

Case No. CH96-498

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented in this administrative process appeal is whether the licensee was given proper notice and opportunity to be heard before his license was revoked by the Motor Vehicle Dealers Board.

### Background Facts

On September 26, 1995, Clay, a licensed motor vehicle salesperson, applied to the Board for renewal of his license. He disclosed on the application that he had been convicted of a felony. Upon investigation, the Board determined that Clay in fact had been convicted of prescription fraud, a felony, in the Circuit Court of Fredericksburg on August 26, 1994, and received a suspended prison sentence. On August 21, 1996, the Board revoked Clay's license under Virginia Code § 46.2-1575(13).

### The Administrative Process

After determining that Clay had been convicted of a felony, the Board instituted proceedings under the Administrative Process Act to revoke his license.

Pursuant to § 9-6.14:11, he was given notice that an informal conference would be conducted on December 14, 1995, at the DMV office in Fredericksburg. That notice was sent by certified mail to 204 Fauquier Street,

Fredericksburg, Virginia. The return receipt shows that Clay received the notice and signed for it on November 29, 1995.

On the day of the hearing, Clay telephoned DMV and asked that the conference be rescheduled. The conference was then set for December 20, 1995, in Richmond. A confirmation letter was mailed to Clay at 204 Fauquier Street, Fredericksburg, Virginia.

Clay attended the informal conference on December 20, 1995. As a result, the Commissioner decided to revoke his license and notified Clay of the decision on December 22, 1995. That notice was sent to 208 Forbes Street, Fredericksburg, Virginia. From the record, it is obvious that the information regarding Clay's new address was given to the Board by Clay (or someone on his behalf) on the day of the conference.

After receiving notice of the Board's decision, Clay requested a formal hearing under § 9-6.14:12. The Board acknowledged Clay's request for a hearing by letter of January 5, 1996. The letter was sent to the 208 Forbes Street address. In the letter, the Board informed Clay that he should notify the Board of any change of mailing address "to ensure you will receive the hearing notice."

A hearing officer was designated. On February 1, 1996, the hearing officer wrote to Clay at the 208 Forbes Street address to inquire about available dates for the hearing. He instructed Clay to notify him "within 10 days of the date of this letter" about hearing dates. Receiving no response from Clay within that time, the hearing officer set the hearing for March 12, 1996.

On February 16, 1996, almost a week after the 10-day deadline, the hearing officer received a note from Clay listing several May dates as "acceptable." The envelope containing the note was postmarked February 15, 1996. Thus, the hearing officer decided to ignore Clay's suggested dates and go forward with the formal hearing on March 12, 1996.

Notice of the hearing was sent to the 208 Forbes Street address on February 20, 1996. The hearing was conducted as scheduled. Clay did not appear.

On March 28, 1996, Clay telephoned DMV and provided a new address and telephone number. According to the telephone message taken by "Peggy" at DMV, which is part of the record, Clay apparently indicated that the new address at 8603 Oak Glen Court, Fredericksburg, Virginia 22408, had been in effect since February 10, 1996.

The hearing officer's decision that Clay's license be revoked was mailed to Clay's 8603 Oak Glen Court address on April 2, 1996. On April 16, 1996, Clay filed exceptions to the hearing officer's report. His chief complaint was that he was denied the opportunity to be heard because the hearing was held in his absence.

Pursuant to § 9-6.14:12, the Board reviewed Clay's exceptions to the hearing officer's report. Nevertheless, on August 21, 1996, the Board notified Clay that it concurred with the hearing officer and revoked his license.

This appeal ensued.

## Notice

The record clearly indicates that notice of all proceedings was sent to Clay at his last known residence address. The record further clearly indicates that Clay actually received all those notices except notice of the formal hearing sent by the hearing officer on February 20, 1996. By that time, Clay had moved from the Forbes Street address; but, despite the express admonition of DMV, Clay had failed to provide his new address to DMV or the hearing officer assigned to hear his case.

The Board had all this information before it when it overruled Clay's exceptions to the hearing officer's report and nonetheless revoked Clay's license on August 21, 1996.

"Notice" includes constructive notice, defined as knowledge of a fact imputed by law to a person although he may not actually have it because he could have discovered it with proper diligence and his situation was such as to cast upon him the duty of inquiring into it. *Black's Law Dictionary* (1957) p. 1210.

In *Eddine v. Eddine*, 12 Va. App. 760 (1991), a pro se litigant complained that he was deprived of due process when he failed to receive notice of proceedings in a divorce case. During the litigation, he had changed his addrotifying the clerk of his new address does not deprive him of due process of

law, the Court decided.

The *Eddine* rationale applies here. Clay's failure to receive notice of the March 12, 1996, hearing date was the direct result of changing his address without notifying DMV or the hearing officer. Despite being specifically warned, he did not keep anyone advised of where notice could be sent.

Nevertheless, Clay argues, this problem of notice would not have arisen in the first place if the hearing officer had not acted cavalierly by ignoring Clay's tardy response to the inquiry about available dates for the hearing. Clay points out that the hearing officer had Clay's response in hand, though late, when he sent out the notice of the March 12th hearing. Because Clay had indicated a

preference for a late-May hearing date, the argument continues, Clay had no reason to believe that the hearing officer would ignore his proposed dates and immediately give notice for a March hearing date. When Clay telephoned DMV on March 28th and gave his new address, he had no idea that the hearing officer had ignored his proposed late-May dates and instead had given notice to Clay's old address for a March 12th hearing, a hearing that was conducted in his absence without his actual knowledge.

The argument has surface appeal. However, when the wheat is winnowed from the chaff, the fact remains that the hearing officer gave proper and sufficient notice to Clay of the March 12th hearing date on February 20, 1996, and sent the notice to Clay's last known address, an address that had been used successfully in earlier notices. Until March 28, 1996, everyone concerned with these proceedings reasonably believed that Clay resided at the Forbes Street address to which notices were sent, although he had relocated on February 10th, more than six weeks earlier. That six-week gap constitutes lack of proper diligence by Clay, whose situation cast upon him a duty to keep DMV and the hearing officer advised of any change of address.

Admittedly, the hearing officer, upon receiving Clay's belated request for a late May hearing date, could have relented and rescheduled the hearing for one of the days Clay proposed, and Clay probably would have learned of that hearing date when he telephoned DMV on March 28th and told them that he had moved to a new address. But the hearing officer was under no obligation to use one of the dates suggested by Clay, especially since all of his suggested dates were outside the time frame established in the hearing officer's February 1, 1996, letter inquiring about available dates; nor was the hearing officer required to honor Clay's suggestions when they were not made within the 10-day limit set by the hearing officer.

For the foregoing reasons, the court is of the opinion that Clay was not denied the opportunity to be heard in these proceedings. Accordingly, the petition will be denied and dismissed.