COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


THOMAS E. McGLATHERY
                                    MEMORANDUM OPINION* BY
v.          Record No. 1550-96-4      JUDGE RICHARD S. BRAY
                                         APRIL 8, 1997
SHARRON A. McGLATHERY

            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         Donald H. Kent, Judge

            James Ray Cottrell (Christopher W. Schinstock;
            Gannon, Cottrell & Ward, P.C., on briefs), for
            appellant.

            Bruce Richard Eells (Matthew & Snider, on
            brief), for appellee.


        Thomas E. McGlathery (husband) appeals from the trial

court's determination that Sharron A. McGlathery (wife) was

entitled to a percentage of husband's total disability retirement

benefits, including that portion attributable to a workers'

compensation award, pursuant to the terms of a property

settlement agreement between the parties.  We conclude that the

court correctly ascertained the sum due wife and affirm the

decree.

        The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

**THE AWARD**

The 1994 order adjudicating husband's earlier declaratory judgment petition resolved that "all pension benefits and/or disability payments" payable to husband are retirement benefits contemplated by the agreement. During those proceedings, husband advanced no argument that a portion of the disability retirement then in issue had been temporarily displaced by a workers' compensation award and was, therefore, beyond the embrace of the agreement. Rather, husband sought to limit those monies due wife to a computation based upon his basic retirement pension and not his disability retirement benefits. Finding no merit in husband's contention, the court ordered husband to pay wife that percentage of his disability benefits specified in their agreement.[1]

Assuming, without deciding, that husband's workers' compensation benefits are insulated from wife's claim, the decree of the trial court did not constitute an assignment of such award to wife or subject it to a creditor claim in violation of Code § 65.2-531. In <u>Owen v. Owen</u>, 14 Va. App. 623, 419 S.E.2d 267 (1992), we addressed a federal statute which prohibited assignment of military disability benefits and reasoned that the recipient is not precluded "from entering into an agreement to

---

[1]A ruling by the trial court from the bench during the hearing of December 13, 1995, suggests it considered the workers' compensation issue <u>res</u> <u>judicata</u>. However, such finding is not reflected in subsequent orders and will not be addressed on appeal.

- 2 -

provide a set level of payments, the amount of which is determined by considering [non-assignable] disability benefits as well as retirement benefits." Id. at 628, 419 S.E.2d at 270; see id. at 626-28, 419 S.E.2d at 269-70. Similarly, in this instance, the object of the agreement was that amount due wife from husband in relation to his pension, later judicially determined to include disability benefits, payable from such monies as husband deems appropriate.

## DUE PROCESS

Husband timely appealed the disputed May 22, 1996 order, entered by the court following several ore tenus hearings, attendant argument of counsel, and consideration of the December 13, 1995 proceedings, the related order of January 24, 1996, and subsequent orders. Thus, it is apparent from the record that husband's defense to wife's claim was fully presented to and considered by the court, thereby preserving husband's right to due process, notwithstanding delay in adjudicating the cause. See, e.g., Eddine v. Eddine, 12 Va. App. 760, 763, 406 S.E.2d 914, 916 (1991) (quoting Dohany v. Rogers, 281 U.S. 362, 369 (1930)) ("The requirements of the due process clause are satisfied if a party 'has reasonable notice and reasonable opportunity to be heard and to present his claim or defense . . . .'"). Moreover, husband has not specified any prejudice occasioned by the disputed procedural course. Cf. Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 639 (1994) (violations

of due process arising from delay in entering order are determined on case-by-case basis; no denial of due process absent prejudice).

Finally, we deny husband's request for attorney's fees and costs.

Accordingly, we affirm the decree.

<u>Affirmed.</u>
