UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Decker
Argued at Lexington, Virginia

CHRISTINA ROBINSON

                                      MEMORANDUM OPINION[*] BY
v.       Record No. 0778-14-2           JUDGE WILLIAM G. PETTY
                                        DECEMBER 23, 2014

MADISON COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF MADISON COUNTY
Gaylord L. Finch, Jr., Judge Designate

Stephanie Cangin for appellant.

Deborah Tinsley; Catherine A. Lowe, Guardian *ad litem* for the
infant children, for appellee.


Robinson appeals from an order of the circuit court dismissing her appeal from an order

entered by the Madison County Juvenile and Domestic Relations District Court terminating her

parental rights to her two children.  Robinson argues that the circuit court erred in finding that

she received proper notice of the circuit court hearing and in treating her appeal as withdrawn

pursuant to Code § 16.1-106.1.  For the following reasons, we reverse and remand.

## I.  BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  On appeal, "the evidence is viewed in the light most favorable to the prevailing

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Robinson is the mother of E.W., born May 20, 2005, and T.W., born April 9, 2007. On July 10, 2007, the Fauquier County Juvenile and Domestic Relations District (JDR) Court adjudicated that E.W. was an abused and neglected child and transferred custody of E.W. from Robinson to his maternal grandparents, Janet and Jimmy Wright. Custody of T.W. was transferred to the Wrights at the same time.

On May 10, 2012, E.W. and T.W. were removed from the grandparents' care due to abuse and neglect. The Madison County JDR court transferred custody of both children to the Madison County Department of Social Services (DSS) and approved foster care plans with concurrent goals of return home to the grandparents and relative placement.

On October 25, 2013, DSS filed a foster care plan with the goal of adoption and a petition to terminate Robinson's residual parental rights with regards to E.W. and T.W. On November 25, 2013, the Madison County JDR court approved the foster care plan with a goal of adoption and terminated Robinson's parental rights to both children. Robinson appealed to the circuit court.[1] Docket call took place on January 6, 2014, and the hearing was scheduled for March 25, 2014. Robinson's guardian *ad litem*,[2] her attorney, was present at both proceedings, but Robinson herself was not. Robinson was incarcerated at the time of the JDR court hearing and

---

[1] The grandparents also filed appeals to the circuit court challenging the change of the foster care plan goal to adoption.

[2] Because Robinson was incarcerated during this proceeding she was appointed a guardian *ad litem* pursuant to Code § 8.01-9.

there is nothing in the record to indicate that she had been released at the time of the circuit court hearing.[3]

On March 25, 2014, DSS made a motion pursuant to Code § 16.1-106.1(D) which states, in part,

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section.

The circuit court concluded that because Robinson was not present, her appeal would be treated as withdrawn pursuant to Code § 16.1-106.1(D).[4] Robinson's attorney noted her objection to dismissing the appeal because Robinson had not received actual notice of the hearing date.[5] The circuit court then found that Robinson had received sufficient notice. This appeal followed.

## II. ANALYSIS

On appeal, Robinson only assigns error to the circuit court's finding that legal notice of the termination of parental rights hearing was proper and sufficient and dismissing the appeal

---

[3] Robinson's attorney told the circuit court that she sent a letter to the Central Virginia Regional Jail that was returned to her stating that Robinson was no longer in the jail. The record does not indicate, however, whether at the time of the circuit court hearing Robinson had been released from incarceration or transferred to another correctional facility.

[4] Because Robinson's appeal was treated as withdrawn, the circuit court ruled that the JDR court orders approving the foster care plan goal of adoption and terminating Robinson's parental rights would be final orders. The court then dismissed the grandparents' appeals for lack of legal standing. The grandparents filed separate appeals to this Court challenging the circuit court's dismissal of their appeals. In an order entered this day, December 23, 2014, we reversed the circuit court's decision and remanded for rehearing. See Wright v. Madison Cnty. Dep't of Soc. Servs., Nos. 0723-14-2, 0779-14-2 (Va. Ct. App. Dec. 23, 2014).

[5] DSS argues that Robinson's objection was insufficient to preserve her argument on appeal. However, the circuit court transcript indicates that the trial court noted Robinson's objection on the issue of adequacy of notice.

pursuant to Code § 16.1-106.1(D) when no evidence was presented to the trial court that she had been served, personally or by substitution, with any process regarding the hearing date in the circuit court. Whether Robinson received sufficient notice is a question of law subject to *de novo* review on appeal. See Farrell v. Warren County Dep't of Soc. Servs., 59 Va. App. 375, 402, 719 S.E.2d 329, 342 (2012).

Robinson argues that her due process rights were violated when her appeal was treated as withdrawn because there was no evidence that she was served with any process regarding the March 25, 2014 circuit court hearing. DSS responds that Robinson was only entitled to notice of the JDR court proceedings pursuant to Code § 16.1-283 and that notice to her attorney of the circuit court hearing date is all that was required on appeal.[6]

The United States Supreme Court has recognized that the Fourteenth Amendment's Due Process Clause specifically protects the "fundamental right of parents to make decisions concerning the care, custody and control of their children." Troxel v. Granville, 530 U.S. 57, 65 (2000). That "liberty interest . . . does not evaporate simply because they have not been model parents . . . . [P]arents retain a vital interest in preventing the irretrievable destruction of their family life." Santosky v. Kramer, 455 U.S. 745, 753 (1982).

Due process also requires that a party receive "'reasonable notice and reasonable opportunity to be heard . . . .'" Eddine v. Eddine, 12 Va. App. 760, 763, 406 S.E.2d 914, 916 (1991) (quoting Dohany v. Rogers, 281 U.S. 362, 369 (1930)). Reasonable notice must "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 417, 270 S.E.2d 723, 726 (1980) (quoting Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 314-15 (1950)). "The notice

---

[6] This Court notes that Robinson was present at the JDR court hearing and it is undisputed by the parties that she received proper notice of the JDR court hearing and an opportunity to be heard pursuant to Code § 16.1-283(A).

- 4 -

must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." Id.

The opportunity to be heard is especially important in cases such as this one. This Court has held that "[t]he termination of parental rights is a grave, drastic, and irreversible action. When a court orders termination of parental rights, the ties between the parent and child are severed forever and the parent becomes a 'legal stranger to the child.'" Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20-21, 348 S.E.2d 13, 16 (1986) (quoting Lowe v. Richmond Dep't of Pub. Welfare, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)).

In fact, the Supreme Court has held that it is an abuse of discretion to deny a continuance when the parent whose rights are at stake is unable to participate in a termination of parental rights hearing. Haugen v. Shenandoah Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)). In Haugen, the mother was incarcerated but participated in the circuit court termination hearing by telephone. Id. at 30, 645 S.E.2d at 262. The prison official required the mother to terminate her telephone connection to the hearing. Id. The circuit court denied counsel's motion for a continuance, and the hearing proceeded for another ninety-one minutes without the mother's participation. Id. at 30, 645 S.E.2d at 263. The Supreme Court reversed the circuit court's denial of the motion for a continuance because the mother was entitled to participate in the remainder of the hearing. The Court held that:

> In view of the "grave, drastic, and irreversible" effects of a
> judgment terminating a parent's parental rights, as a matter of
> common law, the circuit court should have granted the
> continuance. Haugen was prejudiced because she was unable to
> participate in an important portion of a proceeding in which she
> was rendered a legal stranger to her biological child.

Id. at 35, 645 S.E.2d at 265 (quoting Lowe, 231 Va. at 280, 343 S.E.2d at 72).

In dissent, Justice Agee noted,

> The majority opinion reaches what can only be seen as the adoption of a per se rule: that in termination of parental rights cases, the failure by a court to grant a continuance (even when not requested) where the subject parent does not participate in some part of the hearing is prejudice per se and an abuse of discretion as a matter of law. Virginia . . . now holds that in a termination of parental rights case a court abuses its discretion as a matter of law when it fails to grant a continuance, requested or not, when a parent does not participate in some part of a termination proceeding even though represented by counsel.

Id. at 44, 645 S.E.2d at 271 (Agee, J., dissenting).

Guided by the principles in Haugen, we conclude that, absent a voluntary waiver of her right to be present at the circuit court hearing, Robinson was entitled to attend the hearing.[7] Under the circumstances of this case, however, Robinson did not have the opportunity to voluntarily waive her right to be present at the circuit court hearing because she never received notice of that hearing.

DSS has not pointed to any evidence in the record supporting the circuit court's finding that Robinson received notice of the circuit court hearing. DSS argued that a notice was mailed to Robinson at the jail indicating that a date for trial would be scheduled in court on January 6, 2014. However, the only evidence in the record supporting this assertion is a handwritten note on the bottom of the notice of hearing on appeal indicating that notice was mailed to Robinson on December 27, 2013. The record shows no other evidence of this mailing, the address to which it was mailed, or a return receipt to prove that notice of the January 6, 2014 docket call was actually received. DSS argued that another notice was sent to Robinson indicating that the

---

[7] Robinson's attorney did not request a continuance, and it was not argued on appeal that a continuance should have nevertheless been granted to allow Robinson's attorney time to locate her client. As a result, this Court cannot reach the issue of whether a continuance should have been granted in this case. However, we use the principles in Haugen to guide our analysis of the unique facts of this case.

hearing was set for March 25, 2014 but there is no documentation in the record supporting this assertion either.

Additionally, although Robinson's attorney signed the notice of appeal on behalf of Robinson, there is no evidence that Robinson received notice of the hearing date from her attorney. Robinson was not present at the January 6, 2014 docket call when the hearing date was set. On March 25, 2014, Robinson's attorney told the circuit court that she had not heard from Robinson. Robinson's attorney stated that the mail she sent to Robinson at the Central Virginia Regional Jail was returned, stating that Robinson was no longer incarcerated there. Robinson's attorney said that she did not know where Robinson was and that Robinson had not contacted her. Thus, there is no evidence in the record supporting the circuit court's finding that Robinson received actual notice of the hearing date and chose not to attend.

This Court notes that while notice to an appellant's attorney may constitute notice to the appellant in other circumstances, notice through counsel was insufficient under the unique facts of this case. Under these facts, where Robinson's last known address was in a jail, no transport order was entered to secure Robinson's presence at docket call, Robinson's attorney was unsuccessful in notifying her incarcerated client of the hearing date, and Robinson's fundamental right to parent was at stake, notice to Robinson's attorney alone was insufficient.

DSS argues that whether Robinson received notice and an opportunity to be heard is immaterial because Robinson was not prejudiced by the circuit court's dismissal of her appeal because it was in the best interests of the children to terminate her parental rights. This argument fails to recognize that Robinson's constitutional and statutory rights are not contingent on the likelihood of her parental rights being terminated. In Santosky, the United States Supreme Court held that "[i]f anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing

family affairs.  When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures."  455 U.S. at 753-54.  Thus, regardless of whether or not Robinson's appeal was likely to succeed on its merits, due process requires that Robinson be given notice and an opportunity to be heard.

Further, Code § 16.1-296 makes clear that the circuit court must conduct a *de novo* hearing in termination of parental rights cases on appeal from the juvenile and domestic relations district courts.  "[S]uch a trial *de novo* in the circuit court grants to a litigant every advantage which would have been his had the case been tried originally in such court."  Peple v. Peple, 5 Va. App. 414, 419, 364 S.E.2d 232, 236 (1988).  Therefore, the burden of proof remained on DSS to prove that termination of parental rights was in the best interests of the children.  Ange v. York/Poquoson Dep't of Soc. Servs., 37 Va. App. 615, 629-30, 560 S.E.2d 474, 481 (2002).  For this reason, in Ange, this Court reversed the circuit court's decision to summarily adjudicate the termination of a mother's parental rights without a hearing on the merits, finding that "[t]he legal process, as well as the trial court's important appellate role in that process, was thus short-circuited."  Id.  at 630, 560 S.E.2d at 481.  Here, treating Robinson's appeal as withdrawn relieved DSS of its burden of proof and prevented Robinson from rebutting DSS's evidence.  In other words, the court "deprived [Robinson] of her day in court on the merits of the case" to which she was entitled under Code § 16.1-296 and the Fourteenth Amendment's Due Process Clause.  Id. at 629, 560 S.E.2d at 481.  As the Supreme Court noted in Haugen, "[Robinson] was prejudiced because she was unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child."  274 Va. at 35, 645 S.E.2d at 265.

There is nothing in the record to indicate that Robinson received notice of the hearing date and chose not to attend.  As such, this is not a case where we can find that the mother

voluntarily waived her right to be present. Robinson's due process and statutory rights were violated when the circuit court treated her appeal as withdrawn and terminated her parental rights in her absence and without a *de novo* hearing. Thus, we conclude that the circuit court erred in treating Robinson's appeal as withdrawn.

### III. CONCLUSION

For the foregoing reasons, we reverse the circuit court's dismissal of the appeal and remand the case to circuit court for a hearing on the merits.

<u>Reversed and remanded.</u>