COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Decker, Malveaux and Senior Judge Felton

OMAR STEPHENS, A/K/A
  JOE BLACK STEPHENS

                                            MEMORANDUM OPINION[*]
v.      Record No. 1932-15-1                        PER CURIAM
                                                  MAY 17, 2016
YULIA CHRISMON

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

(Omar Stephens, *pro se*, on briefs).

(Darrell M. Harding; Holly S. Lane, Guardian *ad litem* for the minor
child; Lane & Perkinson, P.C., on brief), for appellee.


Omar Stephens appeals a custody and visitation order. Stephens argues that the trial court

erred by (1) scheduling two court dates and not notifying him of the new date and (2) violating his

due process rights by not allowing him to present his evidence. Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily

affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Stephens and Yulia Chrismon married on February 21, 2003 and divorced on April 29,

2011. There was one child born of the marriage. Pursuant to their final decree of divorce, the

parties had joint legal custody, and Chrismon had primary physical custody of the child.

Stephens had reasonable visitation, "includ[ing] alternating weekends, alternating major

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

holidays, and 30 days during the summer with [Stephens] providing all transportation for his visitation."

On March 24, 2015, Stephens filed a motion to amend visitation in the Norfolk Juvenile and Domestic Relations District Court (the JDR court). On April 8, 2015, Chrismon filed a motion to limit Stephens' visitation. On May 13, 2015, Stephens filed a petition for custody in the JDR court. On July 24, 2015, Chrismon also filed a petition for custody in the JDR court. On August 12, 2015, the JDR court dismissed Stephens' motions and awarded sole legal and physical custody of the child to Chrismon. The JDR court further ordered that Stephens could visit with the child for two hours on Sundays, so long as his parent(s) supervised the visit. Stephens appealed the JDR rulings to the circuit court.

In September 2015, the circuit court scheduled a hearing for December 9, 2015. The guardian *ad litem* sent Stephens a questionnaire and medical release. Chrismon's attorney sent Stephens interrogatories and requests for production of documents. On October 15, 2015, Stephens filed a document stating that he would not answer Chrismon's discovery requests. Chrismon filed a motion to compel and scheduled a hearing for October 29, 2015. On October 20, 2015, Stephens filed a motion to remove the guardian *ad litem*. Chrismon filed a response in opposition thereto. This motion also was scheduled for the October 29, 2015 hearing date. On October 29, 2015, the trial court ordered Stephens to comply with discovery within fourteen days and denied his motion to remove the guardian *ad litem*. It also ordered Stephens to sign the medical release for the guardian *ad litem*. The trial court's order stated that if Stephens did not comply, Chrismon may file a motion to dismiss Stephens' appeal. Stephens did not appear at the October 29, 2015 hearing. The trial court found that Stephens received notice of the hearing. On November 1, 2015, he filed a "Response to Order" and stated that he was not aware of the court date. On November 16, 2015, Chrismon filed a notice and motion to dismiss Stephens' appeal

because of his failure to respond to discovery requests and sign the medical release. She also requested sanctions. The hearing was scheduled for November 20, 2015. On November 19, 2015, Stephens filed a letter with the court stating that he was "unable to attend" the hearing on November 20, 2015.

On November 20, 2015, Stephens appeared at the courthouse and gave Chrismon a child support check. Then, Stephens left the courthouse and did not appear at the hearing. The trial court found that Stephens was served with notice of the hearing. The trial court heard the matter and entered an order granting Chrismon's motion to dismiss Stephens' appeal due to his failure to comply with the October 29, 2015 order. It also awarded Chrismon sole legal and physical custody of the child and $4,557.50 in attorney's fees. It further awarded visitation to Stephens on alternating Sundays for two hours, conditioned upon his parent(s) supervising the visit. Stephens' motion to remove the guardian *ad litem* was dismissed, and the hearing date of December 9, 2015 was removed from the docket.

On November 30, 2015, Stephens filed a "Response to Order" and a notice of appeal. This appeal followed.

ANALYSIS

I.

Stephens argues that the trial court erred by scheduling the October 29 and November 20, 2015 hearings without giving him proper notification. He contends the only written notification that he received from the circuit court was for the December 9, 2015 hearing.

As this Court has previously stated, "[t]he requirements of the due process clause are satisfied if a party 'has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it.'" Eddine v. Eddine, 12 Va. App. 760, 763, 406 S.E.2d

914, 916 (1991) (quoting Dohany v. Rogers, 281 U.S. 362, 369 (1930)).  In the present case, the record demonstrates that Stephens had "reasonable notice and reasonable opportunity to be heard."  Id.

Chrismon sent discovery requests to Stephens, once the matter was appealed to the circuit court.  On October 15, 2015, Stephens filed a response in the trial court and stated that he refused to answer Chrismon's discovery requests.  Pursuant to Rule 4:12, Chrismon filed a motion to compel Stephens' answers to her discovery requests.  Her motion included a notice of hearing for October 29, 2015.  Her certificate of service indicates that the notice and motion were mailed to Stephens on October 15, 2015.  The address in the certificate of service is the same address that Stephens identified as his address in the JDR court proceedings and the circuit court proceedings.  Stephens had not provided a different address to the court.  See id. at 764, 406 S.E.2d at 916-17; Code § 8.01-319.  In addition, Code § 20-99(4) indicates that notices may be mailed to *pro se* parties who have signed pleadings or notified the parties and the clerk of his appearance in the case.

On November 16, 2015, Chrismon filed a motion to dismiss and for sanctions because Stephens failed to comply with the October 29, 2015 order.[1]  The certificate of service indicates that Chrismon mailed a copy of the notice and motion to Stephens at his known address on November 13, 2015.  Stephens acknowledged receipt of the notice in his letter to the trial court dated November 19, 2015.  He further admitted in his briefs to this Court that he was at the courthouse on the hearing date, but he did not attend the hearing.

---

[1] Stephens acknowledged that he received a copy of the October 29, 2015 order by filing his objections to the order after its entry.

- 4 -

The record clearly indicates that Stephens had reasonable notice of the October 29 and November 20, 2015 hearings, and no further notification was necessary.[2]

## II.

Stephens argues that the trial court violated his due process rights by "prematurely dismissing" his case before he could present his evidence on the underlying matter. He indicates that he wished to call the parties' child as a witness in the custody and visitation matters.

The trial court did not err in dismissing his appeal. Stephens was provided reasonable notice of the October 29 and November 20, 2015 hearings. He did not comply with the October 29, 2015 order because he did not answer Chrismon's discovery requests or sign the guardian *ad litem*'s medical release. The October 29, 2015 order specifically states that Chrismon may file a motion to dismiss Stephens' appeal if he does not comply. Chrismon filed the motion to dismiss. Stephens was aware of the hearing, but did not appear. Furthermore, Rule 4:12(b)(2)(C) allows a trial court to dismiss a proceeding if a party fails to obey an order to provide discovery. As stated earlier, Stephens' due process rights were not violated. The trial court did not err in dismissing the matter.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[2] Stephens also contends Local Rule No. 2:A.3.a applies in his situation; however, he did not present this argument to the trial court. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).