COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Haley

MICHELLE RAHBAR, F/K/A
 MICHELLE A. CLARK

v.      Record No. 1985-18-4

ANDREW F. CLARK

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 21, 2020

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Michelle Rahbar, on brief), *pro se*.

No brief for appellee.


Michelle Rahbar, *pro se*, appeals an order requiring her to reimburse Andrew F. Clark for

overpaid spousal support and pay a portion of his attorney's fees. Rahbar argues that the circuit

court abused its discretion by denying her continuance requests and violating her due process rights.

Upon reviewing the record and Rahbar's brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Shah v. Shah, 70 Va. App. 588, 591 (2019) (quoting Congdon v. Congdon, 40 Va. App. 255, 258

(2003)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On December 1, 2015, the circuit court entered a final decree of divorce, which required Clark to pay Rahbar $667 per month in spousal support for ten years, beginning September 1, 2015. According to the final decree, Clark's spousal support obligation would "terminate on the earlier of any of the following events: the death of either party or after final payment of [Clark's] spousal support obligation."

On April 7, 2017, Rahbar remarried. Clark subsequently moved to terminate his spousal support obligation, and Rahbar filed a petition for a rule to show cause because Clark had not paid spousal support as required under the final decree of divorce. On August 25, 2017, the parties appeared before the circuit court for a hearing on their respective motions; the record does not include a transcript or an order reflecting the circuit court's rulings on the pleadings.[1] After the hearing, Clark filed a motion to reconsider and another motion to terminate spousal support based on Rahbar's remarriage. Rahbar filed an objection to Clark's motion to reconsider, and she filed another petition for rule to show cause.

On December 14, 2017, the parties appeared before the circuit court for a hearing on Clark's motions to reconsider and terminate his spousal support obligation, as well as Rahbar's petition for a rule to show cause. After hearing the parties' arguments, the circuit court held that Clark's spousal support obligation ended when Rahbar remarried because the final decree did not expressly state that spousal support survived Rahbar's remarriage. Clark asked the circuit court to award him a credit for eight spousal support payments he made after Rahbar's remarriage, as well as his attorney's fees. Clark offered to put on "5 minutes worth of testimony about what he has paid;" he also indicated that he had an attorney's fee affidavit. Rahbar stated that she had a spreadsheet of Clark's payments and wanted the circuit court to rule on her show cause motion.

---

[1] The record includes an order entered August 25, 2017, allowing Clark to file a motion for reconsideration and a motion to terminate spousal support.

The circuit court declined to take any evidence at that hearing and continued the matter to January 31, 2018.

On January 24, 2018, the circuit court entered an order terminating Clark's spousal support obligation as of the date of Rahbar's remarriage and dismissing Rahbar's rule to show cause against Clark. The circuit court removed the matter from the January 31, 2018 docket and set it on the February 23, 2018 docket to hear Clark's "request to claw-back certain spousal support payments and his request for attorney's fees." Rahbar appealed the circuit court's order to this Court, which subsequently dismissed her appeal for her failure to file an opening brief. See Rahbar v. Clark, Record No. 0685-18-4 (July 24, 2018).

At the same time that Rahbar filed her notice of appeal, she also filed a "Motion for Continuance of Trial Date Due to Medical Treatment/Surgery." She requested a court date after April 23, 2018 because of her and her husband's ongoing medical concerns. The circuit court stayed the matter while the case was on appeal, but after this Court remanded the matter, husband filed a notice of hearing for August 31, 2018, so that he could be heard on his motions for attorney's fees and "clawback amounts."

Rahbar filed a "Motion to Continue the Stay of Proceedings Due to Ongoing Cancer Surgeries & Treatments until 2019." She informed the circuit court that after being diagnosed with cancer in early 2018, she had undergone two surgeries and was scheduled for another surgery on August 30, 2018. After receiving Rahbar's motion for continuance, the circuit court scheduled a teleconference for the day before Rahbar's scheduled surgery. The circuit court subsequently canceled the teleconference and scheduled a status hearing for August 31, 2018, "with the understanding that Ms. Rahbar may not be able to attend." At the status hearing, the circuit court scheduled another status hearing for November 8, 2018, and ordered Clark to notify Rahbar.

Three days before the scheduled hearing, Rahbar filed a praecipe notifying the circuit court that she had had surgery on November 1, 2018, and a follow-up appointment was scheduled for November 8, 2018; she stated that was unable to attend the hearing in person or by telephone. She provided medical documentation confirming her surgery and follow-up appointment.

On November 8, 2018, the circuit court entered an order directing Clark to file an affidavit of the spousal support he had paid after Rahbar's remarriage and an affidavit of attorney's fees. Clark filed the required affidavits, which indicated that he had paid $4,513.39 in spousal support after Rahbar's remarriage and had incurred $9,833.66 in attorney's fees and costs.

On November 19, 2018, the circuit court ordered Rahbar to pay Clark $4,513.39 for the spousal support overpayments and $3,000 for his attorney's fees.[2] This appeal followed.

ANALYSIS

*Continuance request*

Rahbar argues that the circuit court abused its discretion by denying her continuance requests. She asserts that she needed the continuances for medical reasons and that her requests were not an attempt to delay the proceedings. She further contends that the denial of her continuance requests was "unduly harsh" and prejudicial to her.

---

[2] The circuit court allowed Rahbar to pay the amounts in installments.

Rahbar acknowledges that she did not preserve her argument for appeal,[3] but asks this Court to apply the good cause exception to the contemporaneous objection rule, Rule 5A:18. "The Court may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." Perry v. Commonwealth, 58 Va. App. 655, 667 (2011) (quoting Luck v. Commonwealth, 32 Va. App. 827, 834 (2000)). Although Rahbar did not file any objections or post-trial motions to the final order, the circuit court was aware of her requests for a continuance.

Assuming without deciding that Rahbar's arguments are preserved, we find that the circuit court did not err in denying her additional continuance request and resolving the outstanding issues. "The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." Reaves v. Tucker, 67 Va. App. 719, 733 (2017) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34 (2007)); see also Shah, 70 Va. App. at 593. "The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." Reaves, 67 Va. App. at 733 (quoting Haugen, 274 Va. at 34). "The absence of one renders inconsequential the presence of the other." Bolden v. Commonwealth, 49 Va. App. 285, 290 (2007), aff'd, 275 Va. 144 (2008). "Mere reference to a need for more time to prepare is insufficient to show that a continuance was improperly denied." Ortiz v. Commonwealth, 276 Va. 705, 723 (2008).

---

[3] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 315 (2013) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998)).

At the December 2017 hearing, the circuit court terminated Clark's spousal support obligation as of the date of Rahbar's remarriage. Clark offered to testify about the amount of spousal support he had paid since that date, and Rahbar indicated that she had spreadsheets illustrating Clark's payments. The circuit court did not hear any evidence and, instead, continued the matter to decide how much Clark had overpaid and his attorney's fees request.

Before the next hearing, Rahbar requested a continuance until after April 23, 2018, citing her and her husband's medical issues. The circuit court stayed the matter while Rahbar appealed its order terminating Clark's spousal support obligation, but after this Court dismissed the appeal, Clark filed a notice of hearing for August 31, 2018. In response, Rahbar moved to continue the proceedings until after February 1, 2019. Rahbar informed the circuit court that she had surgery scheduled for August 30, 2018, and a follow-up appointment with the doctor on September 21, 2018. Rahbar expected that she would need two additional surgeries thereafter, but they would not be scheduled until after her follow-up appointment in September. Rahbar explained that she "need[ed] sufficient time to prepare for trial and [she] cannot prepare until she is well enough to do so."

After receiving Rahbar's motion, the circuit court scheduled a teleconference with the parties before Rahbar's surgery. The record does not indicate the reason why,[4] but the teleconference was removed from the docket and a status hearing was scheduled for August 31, 2018, "with the understanding that Ms. Rahbar may not be able to attend."

The circuit court scheduled a status hearing for November 8, 2018. When the circuit court scheduled the status hearing, Rahbar had not informed the circuit court of any pending medical procedures for November; in fact, she had told the circuit court that she anticipated two

---

[4] In her brief, Rahbar stated that she had a panic attack on the day of the teleconference hearing.

more surgeries, but they could not be scheduled until after her follow-up appointment in mid-September. A few days before the status hearing, Rahbar told the circuit court that she had had surgery recently and was unable to attend the hearing or participate by telephone. The circuit court ordered Clark to submit affidavits for the amount of spousal support he had paid since Rahbar's remarriage and the amount of attorney's fees he had incurred. After Clark had filed his affidavits, the circuit court awarded him $4,513.39 for the spousal support he had overpaid and $3,000 for his attorney's fees and costs.

The record does not support Rahbar's arguments that the circuit court abused its discretion by denying her motions for a continuance; to the contrary, the circuit court had continued the matter several times to accommodate her. The circuit court even provided her with an opportunity to participate in a teleconference, but she was either unable or unwilling to do so. While the Court is sympathetic to Rahbar's medical condition, we note that she was aware of the November 8, 2018 hearing for more than two months and did not have any surgeries scheduled for that time when the hearing was set. Despite the ample notice, she still did not appear and did not inform the court of her unavailability until three days before the hearing. Moreover, at no point did she file anything objecting to the amounts that Clark claimed he was owed, nor did she file her own documentation of his payments. Considering the totality of the circumstances of the case, we conclude that the circuit court did not abuse its discretion in denying Rahbar's motion to continue the matter and finalizing the outstanding issues regarding the overpayment of spousal support and attorney's fees.

### Due process

Rahbar argues that the circuit court violated her due process rights because it did not provide her with an opportunity to be heard or present evidence. Rahbar admits that she did not

preserve her arguments for appeal, but again asks this Court to consider them under the good cause exception of Rule 5A:18.

Article I, Section 11 of the Constitution of Virginia provides that, "no person shall be deprived of his life, liberty, or property without due process of law." "The requirements of the due process clause are satisfied if a party 'has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it.'" Eddine v. Eddine, 12 Va. App. 760, 763 (1991) (quoting Dohany v. Rogers, 281 U.S. 362, 369 (1930)).

As discussed above, Rahbar had notice of each of the hearings, and the circuit court provided her with numerous opportunities to participate in the court proceedings. The circuit court even scheduled a teleconference with the parties, but Rahbar did not participate. Considering the totality of the record, we find that Rahbar received the process due to her.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.